## JOSEPH SHINDELUS AND ANOTHER v. JOHN SEVCIK.[1]

December 19, 1941.

No. 33,018.

*Albert J. Mueller,* for appellant.
*Thomas J. Spence,* for respondents.

GALLAGHER, CHIEF JUSTICE.

Plaintiffs, husband and wife, sued defendant for damages alleged to have been caused from eating impure food products sold by defendant in violation of Mason St. 1927, §§ 3789, 3790, and 3791. The cases were tried together in municipal court in the city of St. Paul and resulted in verdicts for plaintiffs. Defendant appeals from the orders denying his motions for new trials. The appeals were consolidated for hearing in this court.

[1]Reported in 1 N. W. (2d) 399.

On the afternoon of November 29, 1939, Catherine Shindelus, the wife, purchased one-half dozen chocolate eclairs at the West End Bakery, located at 451 Bay street in St. Paul. Later in the day she ate one of the eclairs and shortly thereafter became violently "sick to her stomach." That evening the husband, Joseph, ate one of the eclairs and became ill. It is not necessary to refer further to the nature of the illness or to its seriousness, for it appears to be conceded that in each instance it was caused from eating the eclairs.

The only question presented is whether defendant owned and operated the bakery at the time of the sale here involved. He admits that he owned and operated it from 1918 until 1938 and from about the first of January 1940 to the time of the trial, May 12, 1941, but claims that he sold the business to his son, John E. Sevcik, in 1938, and that it was operated by the son during the balance of 1938 and all during 1939, which, if true, would include the date of the sale in question. In support of this claim defendant offered in evidence what purports to be a combination lease and bill of sale written in pencil in an ordinary notebook and signed by John E. Sevcik, Leone Sevcik, and John Sevcik. The instrument was not dated or acknowledged and was not filed for record with the city clerk. It purports to be witnessed by one Mrs. Joseph Todora. Defendant also offered in evidence a bill of sale from John E. Sevcik to John Sevcik covering bakery equipment which bears date the ... day of December 1939. This instrument was witnessed and acknowledged and prepared on an ordinary bill of sale blank. Other evidence offered by defendant consisted of two bakery licenses issued by the city of St. Paul to John E. Sevcik for the years 1938 and 1939. Defendant testified that he worked for his son on a salary basis during those years. The son was not a witness.

Plaintiffs testified that they had known defendant for many years; that he held himself out as owner of the bakery; that shortly after plaintiffs became ill defendant called to see them with his son and made statements such as "he was sorry that such a

thing happened in his baker shop," and "that he would like to make some arrangement, agreement with us."

Mary Cermak, a witness for plaintiffs, testified that she bought eclairs from defendant on the same day as the sale to Mrs. Shindelus and that members of her family became ill after eating them. She also testified that defendant had held himself out to be the owner of the West End Bakery for about 20 years and that he called to see her after the illness of her husband and son and said "he was sorry it happened and had to come from his store."

The question as to whether defendant owned and operated the bakery at the time of the sale here involved was purely a fact question. The record contained sufficient evidence to sustain the determination of the jury that defendant was the owner. While the license to the son is *prima facie* evidence, it is not conclusive. Bolton-Swanby Co. v. Owens, 201 Minn. 162, 275 N. W. 855; Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582; Kruse v. Weigand, 204 Wis. 195, 235 N. W. 426; 5 Wigmore, Evidence (3 ed.) §§ 1647-1647a.

The orders appealed from are affirmed.