FRANK CERMAK v. JOHN SEVCIK.[1]

May 7, 1943.

No. 33,460.

[1]Reported in 9 N. W. (2d) 508.

*Albert J. Mueller,* for appellant.

*Thomas J. Spence,* for respondent.

YOUNGDAHL, JUSTICE.

Plaintiff sued for damages alleged to have been caused from eating impure food products sold by defendant in violation of Minn. St. 1941, §§ 31.01, subd. 3, 31.02, 31.03 (Mason St. 1927, §§ 3790, 3789, 3791). The action was tried to a jury and a verdict of $310 returned for plaintiff. From an order denying his alternative motion for judgment *non obstante* or a new trial, defendant appeals.

On November 29, 1939, plaintiff's wife purchased from the defendant three chocolate éclairs at the West End Bakery, located at 451 Bay street in St. Paul. Later in the day plaintiff ate one of the éclairs and shortly thereafter became violently ill. It is not necessary to refer further to the nature of the illness or its seriousness, for it appears to be conceded that it was caused from eating the éclairs.

Defendant's assignments of error involve two questions for review, *viz.:* (1) Whether there was evidence reasonably tending to sustain the verdict that defendant was in fact the owner of the bakery at the time the sale in question was made; and (2) whether the court erred in charging the jury that if defendant held himself out to plaintiff as such owner plaintiff was entitled to a verdict. No question is raised as to the sufficiency of the evidence to sustain the verdict on the issue of liability. The evidence clearly establishes the fact that the chocolate éclairs sold by the bakery, purchased by plaintiff's wife, and consumed by plaintiff had become contaminated and unwholesome and contained poisonous and infected matter and other deleterious ingredients and was unfit for human consumption, producing a toxic effect upon plaintiff

and resulting in his illness. Defendant's position is that at the time of the sale in question his son was the owner of the bakery, and that neither on the basis of actual ownership nor on the theory that defendant held himself out as the owner can there be a recovery against him. Plaintiff asserts that defendant, and not his son, actually owned the bakery when the sale was made, and that in any event defendant held himself out as the owner and that plaintiff relied thereon.

■ Defendant admits that he owned and operated the bakery from 1918 until 1938 and from about the first of January 1940 to the time of trial. He claims, however, that he sold the business to his son, John E. Sevcik, in 1938, and that it was operated by the son during the balance of 1938 and all during 1939, which, if true, would include the date of the sale in question. In support of his claim defendant offered in evidence what purports to be a combination bill of sale and lease, written in pencil in an ordinary notebook, signed by defendant, his son, and one Leone Sevcik and witnessed by one Mrs. Joseph Todora. The instrument was undated and was not filed for record with the city clerk. Defendant also offered in evidence a bill of sale from John E. Sevcik to defendant covering bakery equipment, which bears date the " . . . day of December 1939." This instrument was regularly prepared on an ordinary bill of sale blank. Other evidence offered by defendant included bakery licenses issued by the city of St. Paul to John E. Sevcik under date of December 18, 1937, and December 30, 1938. Defendant testified that he worked for his son on a salary basis during 1938 and 1939. The son did not testify. There was testimony adduced on behalf of defendant by two former employes of the bakery, who stated that they were employed by defendant's son at the time the sale here in question was made, and further testimony by an employe of a local wholesale house, who stated that credit was extended for supplies for the bakery to defendant's son during the years 1938 and 1939.

Plaintiff's wife testified that she had known defendant for many years and had purchased bakery goods of him for at least 15 years.

She stated that when plaintiff became ill defendant called at their home and said "that he understood that happened from stuff purchased in his bakery."

The precise question of actual ownership raised on this appeal was before this court in a similar case arising out of another sale of chocolate éclairs on the same day. See Shindelus v. Sevcik, 211 Minn. 432, 1 N. W. (2d) 399. In that case the evidence relating to ownership of the business was in substance the same as here presented, with the exception of the former employes' testimony and that of the employe of the wholesale house in the instant case. It was held that there was sufficient evidence to sustain the jury's verdict on the issue of actual ownership, and we deem it unnecessary repetition further to discuss the issue of ownership in view of that holding. Here, as there, it presented a fact question for the jury; and, there being reasonable evidence tending to sustain the jury's finding, it will not be disturbed.

■ Defendant contends that the court erred in charging the jury that there could be a recovery on the basis of the defendant's holding himself out as the owner, since such a theory is not applicable in tort actions, and that, in any event, the evidence is insufficient to show that plaintiff relied upon defendant's ownership. This issue was clearly settled in Jewison v. Dieudonne, 127 Minn. 163, 169, 149 N. W. 20, 23, wherein the court held the rule applicable to tort actions. Mr. Justice Brown, speaking for the court, said:

"Any other rule would enable those who have allowed invitations to be extended to the public in their names to escape liability for nonperformance of the duties they have thereby assumed by setting up ownership or control of the place in some irresponsible person."

We are aware that this rule has not met with universal approval in other jurisdictions. In Schlick v. Berg, 205 Minn. 465, 286 N. W. 356, the court distinguished Jewison v. Dieudonne, *supra,* from the factual picture there presented. The rule announced in

the Jewison case, however, is still the law in this state, and we believe it to be sound doctrine.

Defendant contends that the evidence is insufficient to show that he held himself out as the owner and that plaintiff did not rely thereon. For these reasons, he insists that he is entitled to a new trial in the interests of justice. This, we believe, is without merit. The evidence discloses that plaintiff and his wife had been customers of defendant for many years; that plaintiff's wife was frequently in the store and considered defendant the owner of the business; and that she was personally acquainted with him and apparently had confidence in his integrity as a businessman. There was ample support in the evidence to justify the jury in finding that defendant held himself out as the owner of the bakery at the time of the purchase in question and that plaintiff and his wife relied upon such apparent ownership in making purchases at the bakery.

Affirmed.

