COTTRELL v. SMITH ET AL.

1. **Fraudulent Conveyance**: FACTS NOT CONSTITUTING: MORAL CONSIDERATION SUFFICIENT. A conveyance of real estate made in discharge of a moral obligation is not without consideration, and will not be set aside as fraudulent, and the land subjected to the satisfaction of a judgment against the grantor, which was not a lien upon the land when the conveyance was made. The moral right and legal title of the grantee outweigh the mere moral right of the judgment creditor.

*Appeal from Linn Circuit Court.*

WEDNESDAY, APRIL 9.

THE plaintiff is a judgment creditor of the defendant, Elizabeth C. Smith, and brings this action to set aside certain conveyances of real estate made by her to the other defendants, on the ground that the same are fraudulent and void. The court granted the relief as to a portion of the real estate in question, and denied it as to the remainder. Both parties appeal, the defendants perfecting their appeal first.

*Deacon & Smith*, for appellants.

*Sheean & McCarn*, for appellee.

ADAMS, J.—The real estate in question consists of one hundred and seventy acres of land in Linn county, the legal title to which stands as follows: to seventy acres, in the defendant, Charles C. Smith; to sixty acres, in the defendant, William L. Smith, and to forty acres, in the defendant, Enoch B. Smith. The whole formerly belonged to one Jackson Smith, now deceased, the husband of Elizabeth C. Smith, and father of the other defendants. He died intestate, and the land in question was set apart to the defendant, Elizabeth C., as a part of her distributive share. She afterward conveyed the several portions above set out to the other defendants re-

spectively. The plaintiff seeks to set aside the conveyances on the ground that they were made without consideration, and with intent to defraud the grantor's creditors. The grantees seek to sustain the conveyances on the ground that, upon the death of Jackson Smith, the legal title passed to them as his heirs, (subject to the widow's rights,) and that, while it is true that they were divested of the same in the proceedings in which the widow's share was set out to her, yet the proceedings involved a mistake, and that, afterward, the conveyances were made to rectify such mistake.

It is undisputed that the heirs became the owners of the land upon the death of their father, subject to the widow's right, and that the adjudication by which the legal title passed to the widow involved a mistake in regard to the extent of her right. It is also undisputed that the plaintiff has no legal interest in, or lien upon, the land, and has, indeed, no equitable right, unless he has acquired such right by reason of the mistake.

A more detailed statement of the case is as follows: Jackson Smith died, seized of eleven hundred and fifty acres of land, all which was heavily mortgaged. Of this land, three hundred and ten acres were set apart to the widow as her distributive share, which included the land in question. The whole three hundred and ten acres, except forty acres occupied as a homestead, should have been set out to her as subject to a *pro rata primary* liability with the remainder, under the rule laid down in *Trowbridge v. Sypher*, 55 Iowa, 352. By mistake, however, it was set out as subject only to a *secondary* liability, leaving the portion belonging to the heirs to be first exhausted in the payment of the mortgage debts. Under the decision thus made, the portion belonging to the heirs was exhausted, and the part set out to the widow was left clear. After the decision in *Trowbridge v. Sypher*, she was advised that she was not entitled to all the land set out to her, and she made the conveyances in question. Her view of the matter is expressed by her in her testimony in

these words: "By rights it was theirs; it was not mine." In making the conveyances she conveyed no more in the aggregate than was necessary to correct the mistake.

The judgment against the defendant was rendered upon a promissory note, signed, not only by herself, but by her husband and two other persons, and was secured by a mortgage upon her husband's land. The mortgage was foreclosed, and the indebtedness which the plaintiff is seeking to collect is the balance remaining due after foreclosure and the sale of the mortgaged land. The plaintiff seems to think that he has some claim against the defendant's land, at least of a moral character, because it belonged at one time to the estate of Jackson Smith.

We proceed to consider whether the conveyances were fraudulent, and, if not, whether there is any other ground upon which the plaintiff's claim can be sustained. There is no pretense that any consideration moved to the grantor. If the conveyances can be sustained, they must be sustained upon the ground upon which the grantor put them in her testimony, and that is, that the land rightfully belonged to the heirs, and not to her. She did not, probably, mean that they had a legal or equitable right to the land, in the sense that they had a right which they could enforce; but that they had a moral right. That they had such right, it appears to us, cannot be denied. Now, where an act is done in the discharge of a moral obligation, it cannot be deemed fraudulent. No person is bound to hold for his creditors what in good morals does not belong to him, but to another. The legal title, then, of the grantees, supported as it is by a moral right, must be held to be good.

The plaintiff, as we understand, claims that he has a moral right, also, because the land belonged at one time to the estate of his debtor, Jackson Smith. He does not claim that he has any legal or equitable right against his estate. He obtained no judgment against Jackson Smith in his lifetime, nor made any claim against his estate after his death, and it

Cottrell v. Smith et al.

is now too late to make such claim.   His moral right, if any, must be based upon the fact that Jackson Smith, if still alive, would still owe the debt.   But his trouble is that he has, at best, but a moral right, whereas the heirs have that, and have also the legal title.   One of the characteristics of a moral right, as recognized in law, is that, standing by itself, it is not enforcable.

There remains to be considered the fact that the grantor did not convey to the grantees equal portions, though the latter were all children of the intestate.   In the view which we take of the case, it is not very important to state upon what ground the discrimination was made; but we may say that the evidence shows that the two to whom the most land was conveyed had remained at home, and rendered service in carrying on the farm through many years.   It is not material to enquire whether they had any legal claim against the estate, or whether, if they had, the amount conveyed to each in recognition of his claim was the proper amount.   The one who obtained the least acquiesces, and it is not for the plaintiff to complain.   The conveyances made in recognition of the services of two of the heirs was sustained by the court below, and the ruling thereon constitutes the ground of the plaintiff's appeal.   In our opinion, the conveyances should have been sustained throughout.   The decree, therefore, must be affirmed on the plaintiff's appeal, and, on the defendant's,

REVERSED.