## H. G. AMICK v. EXCHANGE STATE BANK AND ANOTHER.[1]

July 3, 1925.

No. 24,759.

**Repealed act of 1919, as to sales and transfers of motor vehicles, did not affect creditors or vendees of holder of certificate of registration.**

1. Chapter 510, L. 1919, which was repealed by chapter 472, L. 1921, was not analogous to the recording act, but was for the exclusive benefit of the state, having no reference to the creditors and vendees of the person holding the registered title to a motor vehicle.

**Evidence compelled finding that plaintiff was owner of car.**

2. Possession of personal property is prima facie proof of ownership. Record examined and *held* to compel a finding of ownership by plaintiff.

**Omission to value harmless.**

3. Failure to find value under the facts stated in opinion is harmless.

1. See Motor Vehicles, 28 Cyc. p. 44 (Anno).
2. See Evidence, 22 C. J. p. 126, § 65; Executions, 23 C. J. p. 978, § 1236; Property, 32 Cyc. p. 678.
3. See Appeal and Error, 4 C. J. p. 1059, § 3044.

[1]Reported in 204 N. W. 639.

Action for conversion in the district court for Hennepin county by the receiver of the Minneapolis, St. Cloud Mercantile & Transportation Company. The case was tried before Guilford, J., who ordered judgment in favor of plaintiff. Defendant bank appealed from an order denying its motion for a new trial. Affirmed.

*Jesse Van Valkenburg*, for appellant.

*Joss, Ohman, Fryberger & Parker*, for respondent.

WILSON, C. J.

Action for conversion. Defendant appeals from an order denying its motion for a new trial.

The record presents the question as to whether or not while chapter 510, L. 1919, was in force (repealed by chapter 472, L. 1921), title to an automobile could be transferred other than as therein provided. Section 7 thereof reads as follows:

"All sales, assignments or attempted sales or transfers of motor vehicles in this state, title to which has not been registered or assigned, as herein provided for, shall be voidable and shall be a violation of this act."

1. In the absence of this statute there could be no question as to the corporation, of which plaintiff is receiver, owning the motor truck involved. The attempt was to assign title in a way other than provided by the statute. Had it been the intention of the legislature to have made such transfer impossible and to have this law in the nature of a recording act, it doubtless would have used definite language showing such meaning. Apparently the legislature did not intend to follow, in relation to personal property, the analogy of the recording law as to real estate, which in respect to subsequent purchasers uses the word "void" and not "voidable." G. S. 1923, § 8226. We must infer that the lawmakers appreciated the serious consequences in making a prohibited transfer "void," hence contented themselves by making it "voidable" only. The purposes of the state are fully accomplished by having the transfer "voidable." Doubtless the law in question was enacted as a means

of a more efficient and certain method of taxation and as an aid in the prevention and detection of crime, and not for the purpose of putting the proof of title to personal property upon a higher plane than the title to real estate which may now be established by the ordinary proofs in actions to determine adverse claims. This statute permits the state, for the purpose of taxation, to have such voidable transfers, as to it, declared void. The statute provides penalties for its violation. One who transferred a motor vehicle contrary to this law not only subjected himself to a penalty, but as to the state, the transfer being "voidable," he would not be permitted to say that he had made such transfer to a stranger of unknown whereabouts and thereby relieve himself from a tax liability. A compliance with the law would fully protect the state. The right of the state to avoid all other transfers also protects it. We are of the opinion that the statute was passed exclusively for the benefit of the state and that it, as a registration act, has no application to creditors and vendees of the person who holds the certificate of registration. It is wholly without support to appellant's claim.

2. The corporation had possession of the truck and the appellant levied upon it as the property of Peterson, in whose name the title was registered. Such possession constituted prima facie proof of title in the corporation and the burden was on the appellant to show superior title. This it failed to do. Aside, however, from possession, the plaintiff introduced evidence compelling a finding that the corporation was in fact the owner of the truck. Appellant, after being notified of the claim of the corporation, sold the property on execution. It is liable in conversion.

3. Appellant claims that the finding of the court as to the amount of damages is not sustained because there is no finding of fact as to the value of the truck. This question is not raised by any assignment of error in the motion for a new trial and, indeed, is not specifically mentioned in the assignments of error in this court. This is not important, however, because the record would justify a finding that the value was stipulated at $1,500. In order to avoid a loss, from the deterioration of the truck pending litigation, the parties

agreed that the appellant might sell it, and the measure of damages would be the amount received for it. The appellant received $1,500 which was treated by the court as the value of the truck, though no specific finding of fact as to the value was made. If such omission is error, it is harmless.

Affirmed.