Hazel Abraham, Appellee, v. Hartford Fire Insurance Company, Appellant.

No. 41552.

2

Henderson, Hatfield & Wadden and Myers & Snerly, for appellant.

Griffin, Griffin & Griffin, for appellee.

FAVILLE, J.—The appellee is a widow living with her son and a daughter who had attained her majority. The appellee was the owner of the automobile involved in this action, and on or about January 15, 1929, she executed an assignment of the certificate of registration and the same was filed in the proper office, showing by its terms a transfer of said automobile from the appellee to her daughter. A year thereafter, to wit, on January 14, 1930, the appellee procured a policy of insurance from the appellant providing for the payment of damages in the event of the theft of said automobile. In November following the automobile was stolen. The policy sued upon provides in part as follows:

"This entire policy shall be void * * * if the interest of the assured in the subject of this insurance be or become other than unconditional and sole ownership, or in case of transfer or termination of the interest of the assured other than by death of the assured, or in case of any change in the nature of the insurable interest of the assured in the property described herein either by law or otherwise."

The main issue tendered by the appellant in the case was that the policy was void by virtue of this provision, and it is appellant's contention that under the evidence the appellee was not the unconditional and sole owner of the automobile at the time the policy of insurance was taken out. In support of its contention in this regard the appellant relies on the transfer of the certificate of regis-

tration from the appellee to her daughter, Mary, and upon written statements made by the appellee to the agent of the appellant to the effect that the appellee had transferred the ownership of said car to her daughter prior to the time of the writing of said policy of insurance.

The appellee combated this evidence of the appellant with her own testimony and that of other witnesses, tending to corroborate her, to the effect that she was unable to read or write, that the contents of said written instruments were not fully made known to her, and that they were obtained by false representations made to her at the time of their execution, and it was further contended by the appellee that the claimed transfer of the ownership of said automobile from her to her daughter was merely colorable. It is her contention that after the death of her husband a claim was filed in his estate, and that, fearing that said automobile might be made subject to the payment of said claim, she made the colorable transfer of ownership of the same to her daughter, as evidenced by the transfer of said registration card, and that she had no intention to and did not in fact part with the ownership of said automobile.

The evidence was in conflict with regard to this matter and the court submitted the question to the jury for it to determine the fact under the record as to whether or not the appellee was the unconditional and sole owner of said automobile at the time the said policy was written.

I. The appellant contends that the court erred in permitting appellee and her witnesses to testify in contradiction of the written statements made by the appellee and in contradiction of the written transfer of the certificate of registration.

We do not think there is merit in the appellant's contention at this point. The question was essentially one of fact as to whether or not the appellee was the unconditional and sole owner of the automobile at the time the policy of insurance was written. The transfer of the registration card, under the statute, is not conclusive evidence of the transfer of the title, at least as to third parties. In Davenport v. Pierce, 194 Iowa 1152, we held that such statute had no direct relation to the rights and equities which may exist as between successive owners or purchasers of such property. We there held that the primary purpose of the statute is (1) to promote the safe and convenient use of public highways by this class of

vehicles, and (2) to insure regular and prompt payment of license fees and taxes imposed thereon.

To like effect, see, also, Cerex Co. v. Peterson, 203 Iowa 355.

II. Appellant complains of the instruction of the court submitting the question of the effect of the transfer of the certificate of registration.

The instruction was to the effect that the transfer of the certificate of registration was merely *prima facie* evidence of ownership in the daughter, and that such *prima facie* evidence could be met by other evidence showing that appellee was the unconditional and sole owner of the automobile, and that it was for the jury to determine from the facts and circumstances whether the appellee had proven by a preponderance of the evidence that she was such unconditional and sole owner.

The appellant can not complain of the instruction in the light of our holdings.

III. As between the parties to this action the appellee had the right to show that the purported transfer of the automobile to her daughter was in fact merely colorable, and that the title to the property did not in fact pass. In other words, the appellee was entitled to show what was in fact the true agreement between her and her daughter as against the claim of the appellant, a third party, that the title had been transferred. See Mosher v. Ins. Co., 212 Iowa 85; Smith v. Ins. Assn., 199 Iowa 693; Moore v. Ins. Co., 176 Iowa 549; Cone v. Ins. Co., 139 Iowa 205. See, also, Peters v. Goodrich, 192 Iowa 790.

IV. The appellant contends that the court erred in overruling appellant's motion for a directed verdict. Appellant's contention in this regard is chiefly to the effect that the policy of insurance provided that the assured was the unconditional and sole owner of the property, and it is appellant's contention that as a matter of law, under the record, the appellee did not show herself to be such unconditional and sole owner.

As we have previously pointed out, under the record in this case that question became one of fact for the determination of the jury. The court did not err in overruling the appellant's motion for a directed verdict. As bearing somewhat on the question, see Beckley v. Insurance Co., 194 Iowa 1106.

V. Appellant contends that the court erred in giving an instruction on the weight to be given verbal admissions. The com-

plaint is that the instruction was not "a properly balanced" instruction. We had occasion to review this question in the recent case of Davis v. City of Dubuque, 209 Iowa 1324, where the subject was fully discussed. The specific objection lodged against the instruction in the instant case is that in balancing the instruction the court said:

"However, if it appears that such verbal declarations or statements were voluntarily and freely made, and that they were understandingly made, clearly remembered and correctly given, they are often satisfactory evidence."

Appellant's contention is that this instruction was erroneous because of the omission of the word "most" before the word "satisfactory." It is true that this instruction, which is commonly referred to as a "stock instruction," generally uses the qualifying adverb "most;" but we do not think that it was reversible error to omit it from the instruction as given by the court. The instruction appears to have been properly balanced, and in almost identical form was approved by this court in Allen v. Kirk, 81 Iowa 658.

We find no error in the record warranting a reversal of the case. The motion for a taxation of penalty, which was ordered submitted with the case, is overruled. The judgment appealed from is affirmed.—Affirmed.

STEVENS, C. J., and DEGRAFF, ALBERT, and WAGNER, JJ., concur.