PAUL DAVIS AND ANOTHER v. LOUIS S. GROSSMAN AND ANOTHER.[1]

November 5, 1937.

No. 31,176.

*Stanley S. Gillam* and *Kelly, Thomas, Gillam, Morck & Dillon,* for appellant.

*Leonard, Street & Deinard,* for respondent Louis S. Grossman doing business as Grossman Chevrolet Company.

*Reuther, Sullivan & Moylan,* for respondent National Bond & Investment Company.

Per Curiam.

Appeal by plaintiff Eleanora Davis from the order denying the joint motion of plaintiffs for amended findings or a new trial in an action to determine ownership of an automobile.

Plaintiffs are husband and wife. The husband, Paul, was the owner of a 1932 Chevrolet automobile. October 5, 1935, during the pendency of a divorce action between them, they entered into an

[1]Reported in 275 N. W. 858.

agreement pursuant to which he signed the bill of sale form on the registration certificate, then in his name, and he delivered it to appellant, his wife. The latter agreed not to encumber or transfer the car without her husband's consent, but the right to its possession and use were to remain in him. October 14, 1935, Mr. Davis, on a conditional sale contract, purchased from defendant Grossman and received-possession of a new 1935 Chevrolet. As down payment therefor, he executed a bill of sale and delivered possession of the 1932 car to Grossman. The bill of sale was in lieu of the registration card which Mr. Davis represented had been mislaid.

Prior to the sale of the new car Grossman made inquiry of the state motor vehicle department and ascertained that record title was in Mr. Davis, his wife, appellant, having failed, until after these transactions, to get a transfer on the records of the registrar. The good faith of defendant Grossman in the transaction is affirmatively established by the decision below. After discovery of her husband's purchase of the new car, appellant promptly tendered it back and demanded return of the old one. Defendant Grossman refused, whereupon plaintiffs brought this action, claiming fraud and want of contractual capacity in her husband.

We make no further mention of the alleged lack of capacity at the time being in Mr. Davis. At best it was a question of fact, settled for us by the decision below. As to the other and more important ground of appeal, it is contended that the Minnesota law, and specifically the statute (1 Mason Minn. St. 1927, § 2681), concerning the registration of motor vehicles, "requires that transfer of ownership of a registered motor vehicle be made upon the registration certificate." That proposition has just been negatived in Bolton-Swanby Co. v. Owens, 201 Minn. 162, 275 N. W. 855.

Order affirmed.