BOLTON-SWANBY COMPANY v. SAM M. OWENS.[1]

November 5, 1937.

No. 31,258.

[1]Reported in 275 N. W. 855.

*Arthur R. Smythe* and *Fred A. Noreen,* for appellant.
*H. B. Haroldson,* for respondent.

PETERSON, JUSTICE.

Plaintiff sued defendant for conversion of an automobile taken from the possession of one Mrs. Ella G. Schiller by defendant sheriff and sold to satisfy a judgment against Mrs. Schiller. Plaintiff, an automobile agency, claims that it owned the automobile when it was seized and that Mrs. Schiller enjoyed possession under an oral contract of bailment. Defendant claims that title to the automobile was in Mrs. Schiller or that at least plaintiff, by investing her with possession and indicia of ownership, is not in a position to assert the contrary. Plaintiff recovered a verdict of $450.

Mrs. Schiller obtained possession of the automobile on May 10, 1934, and held and used it constantly until it was taken by defendant on June 2, 1936, under execution on a judgment docketed May 25, 1936, for indebtedness incurred by Mrs. Schiller some two or three years before she had the automobile. On May 10, 1934, the president of plaintiff company executed a dealer's report of sale, stating that the automobile had on that day been sold to Mrs. Schiller. In connection with this report of sale, Mrs. Schiller applied for registration of the car, stating in the application that she had purchased it from plaintiff and held it under conditional ownership. The report of sale was filed with the secretary of state pursuant to 1 Mason Minn. St. 1927, § 2681, and the automobile was registered in Mrs. Schiller's name. Mrs. Schiller signed a blank bill of sale, which was kept by plaintiff but never filled in and completed. In 1935 Mrs. Schiller registered the car in her name as absolute owner, and in 1936 registered it in the same manner. Each year Mrs. Schiller signed and left with plaintiff company blank and

164

incompleted bills of sale. Also, each year, upon receipt of the registration card from the secretary of state, she signed the bill of sale on the back in blank and then turned the card over to plaintiff. Various policies of insurance covering the car stated the assured to be "Mrs. Ella G. Schiller and/or Bolton-Swanby Co." In return for the use of the car, Mrs. Schiller, as a Duluth hostess, was to render advertising and patronage service to plaintiff company. By oral agreement, it was understood when Mrs. Schiller took the car that it would belong to plaintiff, who could take it back at will.

■ It was not error to admit parol evidence to vary and contradict the dealer's report of sale filed by plaintiff with the secretary of state pursuant to 1 Mason Minn. St. 1927, § 2681, which requires a notice of transfer, whether by sale, lease, or otherwise. The parol evidence rule is generally applied only to contractual instruments. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3390. Whatever its effect may be where the state is interested, as between other parties the report was not intended by the statute to furnish conclusive evidence of a transfer of ownership. See 5 Wigmore, Evidence, p. 358, § 2453; Abraham v. Hartford F. Ins. Co. 215 Iowa, 1, 244 N. W. 675.

■ Registration of the automobile in the name of Mrs. Schiller did not preclude plaintiff from showing that it was the owner and Mrs. Schiller a bailee. Registration does not determine or affect title. The purposes of the act are taxation and identification of automobiles, having no regard to vendees of the person holding the registered title, Holmes v. Lilygren Motor Co. Inc. 201 Minn. 44, 275 N. W. 416; Amick v. Exchange State Bank, 164 Minn. 136, 204 N. W. 639; 5 Am. Jur. p. 567, §§ 90, 91. The purpose is not to determine and establish title by registration. It is the vehicle and not the title which is registered. Holmes v. Lilygren Motor Co. Inc. and Amick v. Exchange State Bank, *supra;* Abraham v. Hartford F. Ins. Co. 215 Iowa, 1, 244 N. W. 675; Celina Mut. Cas. Co. v. Baldridge (Ind. App.) 5 N. E. (2d) 991; Braham & Co. v. Steinard-Hannon M. Co. 97 Pa. Sup. Ct. 19; Hyland v. Hyland, 278 Mass. 112, 179 N. E. 612; Moore v. Wilson, 230 Ky. 49, 18 S. W. (2d) 873; Higginbotham v. Higginbotham's Trustee, 253 Ky. 218,

69 S. W. (2d) 329. The provisions of the act are appropriate for the purposes of taxation and identification but not for registration of title. 1 Mason Minn. St. 1927, § 2672, provides that an "application for registration" has the same meaning as "listing for taxation," and that an owner is one having the exclusive use of an automobile under lease or otherwise for over 30 days. Section 2677, pursuant to which the registration card is issued, requires the name and address of the holder and a description of the motor vehicle to be stated, but not the nature of his title. The very essence of registration of title is to identify not only the owner and the property but also the title and interest registered. In this respect the registration of motor vehicles is entirely unlike proceedings which are had for the registration of title to land under the Torrens act, by judicial proceeding and determination of title binding on all the world. A certificate of title under the Torrens act discloses an identification of the owner, a description of the property, and the particular title and interests registered. The registration of title to a motor vehicle is imperfect and in some respects misleading. For example, a bailee or lessee, having the right to use the car for over 30 days, is registered as an owner, without any statement as to whether his title is absolute or qualified. If the purpose of the act were to register title, this would not be permissible. The effect of registration under such an act is very well stated in Braham & Co. v. Steinard-Hannon M. Co. 97 Pa. Sup. Ct. 19, at p. 25:

"* * * the act does not provide nor intend to provide that the 'certificate of title' shall determine the absolute ownership of the car, or alter or affect in any manner the actual ownership of the vehicle and the relations of the persons interested in it. It only requires registration by the person entitled to its possession and in control of its operation. The certificate is not a warrant of ownership * * *."

■ The transaction is not void as to creditors of Mrs. Schiller, the bailee, under 2 Mason Minn. St. 1927, § 8360, which provides in effect that a conditional sales contract or note shall be void as to creditors of the vendee unless the contract, or if it be oral, a memo-

randum thereof, signed by the purchaser and expressing its terms and conditions, be filed as in the case of a chattel mortgage. This was a case of bailment, not of conditional sale. The statute does not apply to bailments. Bjork v. Bean, 56 Minn. 244, 57 N. W. 657.

4. The retention of possession of the automobile by Mrs. Schiller is not a fraud upon her creditors under 2 Mason Minn. St. 1927, § 8467, which provides that a sale of personal property without delivery of possession to the vendee is presumed to be fraudulent and void as to creditors of the vendor and subsequent purchasers in good faith unless those claiming under the sale make it appear that such was made in good faith and without intent to hinder, delay, or defraud creditors. The verdict in this case determines that plaintiff was the real owner of the automobile. Since Mrs. Schiller did not acquire the ownership of the car by the registration in her name, she did not transfer any property of her own to plaintiff. Mrs. Schiller's creditors were not entitled to appropriate this property to a payment of their claims, and the transfer is not a fraud upon them. 27 C. J. 433. The statute aims at fraudulent transfers of the debtor's property and not of transfers by a debtor to the true owner of the latter's property. Farnham v. Kennedy, 28 Minn. 365, 10 N. W. 20; Garner v. Second Nat. Bank, 151 U. S. 420, 14 S. Ct. 390, 38 L. ed. 218; Cottrell v. Smith, 63 Iowa, 181, 18 N. W. 865; 27 C. J. p. 419, § 22; note, 64 A. L. R. 576.

Plaintiff is not estopped to claim ownership of the car because it invested Mrs. Schiller with possession and indicia of ownership. Nothing more has been shown. In order to constitute an estoppel, the party alleging it must have acted and parted with value upon faith of the apparent ownership so that he will be the loser if the appearance upon which he relied is not real. 21 C. J. p. 1178, § 181; 10 R. C. L. p. 777, § 91; note, 25 L.R.A.(N.S.) 770. There was no reliance upon Mrs. Schiller's possession and indicia of ownership by the judgment creditor, because he extended credit to her some two or three years prior to the time she obtained possession by the sale of the goods upon which the judgment is based.

The order is affirmed.