[File No. 7171.]

COMMERCIAL CREDIT CORPORATION, Appellant v. JACK DASSENKO, Ed. Dassenko, and William Dassenko, doing business as Dassenko Brothers, Respondents.

(43 NW2d 299)

.Opinion filed March 25, 1950 on rehearing July 15, 1950.

*Marie K. Stiening* (*Stiening, Olson & Thysell* of counsel) for appellant.

414

*Emanuel Sgutt,* for respondents.

MORRIS, J. This is an action in claim and delivery for the recovery of possession of a 1946 Ford automobile or for the sum of $1083.00, the value thereof, in case possession cannot be had. The defendants filed an answer and counter-claim wherein Ed. Dassenko and William Dassenko disclaimed any right, title, or interest in the property and alleged that Jack Dassenko is the sole owner and asking for possession and the sum of $800.00 damages for the detention of the automobile by the plaintiff. The jury returned a verdict finding that Jack Dassenko was the owner of the automobile and entitled to the possession thereof and that the value was $1400.00. They further found that the defendant suffered damages for the detention of the property in

the sum of $350.00. From a judgment entered pursuant to the verdict the plaintiff appeals.

The automobile in question was at one time owned by a Minnesota firm known as Kuehl Bros. in whose name it was registered in the office of the Secretary of State of Minnesota. Kuehl Bros. sold the car to Lemke Motors of Fargo, N. D., who in turn sold it to Jack Dassenko, a resident of North Dakota. Dassenko turned the possession of the car over to E. L. Lindemann, who was doing business as Lindemann Motors at Moorhead, Minnesota, with authority to sell the car for the owner, about June 15, 1948, Lindemann was not given authority to mortgage the property. The car remained with Lindemann until in September when Dassenko took it for two or three days and attempted to sell it. Not being able to dispose of it, he returned it again to the possession of Lindemann. Shortly thereafter Jack Dassenko left the state to attend college and the car remained at the Lindemann place of business until the first part of November, 1948, when William Dassenko obtained possession and brought the car back to North Dakota where it remained until this action was brought.

The registration of the automobile by Kuehl Bros. was evidenced by a registration card issued by the Secretary of State of Minnesota describing the automobile and certifying that the license number on the card had been assigned to the addressee which was Kuehl Bros. for the current year. On the back of the card were two abbreviated instruments in blank. One was denominated a bill of sale. Above lines provided for the signature of the person named as owner and the name and address of the purchaser on the reverse side, appeared this statement:

"I sold the motor vehicle described on the reverse side hereof and assigned the tax paid to .............................."

The second instrument was an application for transfer whereby the purchaser applied for a transfer of registration. The registration card was turned over to Lemke Motors with the possession of the car. The name "Kuehl Bros." was signed to the bill of sale, but that instrument was not otherwise completed. When Lemke Bros. sold the car to Dassenko, the registration

card accompanied it. When Jack Dassenko turned possession of the car over to Lindemann, he also turned over the card. The instruments on the back were still in blank except for the name of Kuehl Bros. Thus the card showed that the automobile was registered in Minnesota in the name of Kuehl Bros. for the year 1948, and the name of Kuehl Bros. appeared on the back affixed to the bill of sale which was otherwise in blank. The application for transfer was entirely blank.

On June 29, 1948, the Lindemann Motor Company of Moorhead, Minnesota, executed a chattel mortgage in favor of the plaintiff covering the automobile in question and five others, to secure the sum of $6746.00 evidenced by a negotiable promissory note executed the same day as the mortgage and due July 29, 1948. This mortgage contained the provision "Dealer warrants said Merchandise is free and clear of all liens and encumbrances, and that Dealer is the absolute owner of same, with full right and power to mortgage them."

It also contained a power of sale and the mortgagee seeks possession of the car for the purpose of foreclosing the mortgage. At the time the mortgage was given the plaintiff's local manager checked the property covered by the mortgage and found the Ford automobile to be in possession of the mortgagor accompanied by the registration card which we have described above.

After the description of each automobile in the mortgage appears in figures an amount of money. The figures $1083.00 appear after the car in question and this is the amount still due on the note and mortgage. The amounts appearing after all of the other cars have been collected and it was the custom and understanding between the mortgagor and the mortgagee that the payment to the mortgagee of the amount set forth after a car satisfied the lien as to that car and released it. Some time after the execution of the mortgage, the mortgagor became insolvent and made an assignment for the benefit of creditors. The plaintiff contends that it extended credit to the mortgagor and took its mortgage and note in good faith, relying upon the fact that the mortgagor had possession of the automobile and the regis-

tration card and that the card is indicia of ownership or title; that the plaintiff thus became a bona fide mortgagee for value and that the owner, Jack Dassenko, is estopped from asserting his ownership as against the plaintiff's mortgage.

The owner contends that he has valid title to the automobile; that he delivered it into the possession of Lindemann Motors for the purposes of sale only; that the transaction was at most a bailment for a limited purpose; that Lindemann had no authority to mortgage; that the registration card is not indicia of ownership or title; that the plaintiff had no right to rely upon either the card or the possession of Lindemann Motors or both, in taking its mortgage and is not a mortgagee in good faith for value. He further contends that the mortgage was given for a pre-existing debt and that the plaintiff is therefore not a mortgagee for value as against the owner.

The first question to be determined is whether the owner's conduct in delivering the possession of the automobile to Lindemann Motors accompanied by the 1948 certificate of registration with the bill of sale on the back thereof in blank signed by Kuehl Bros. will estop the owner from asserting his title as against the mortgagee of Lindemann Motors in good faith and for value. In Werner v. Werner, 74 ND 565, 23 NW2d 757, we have stated the general rule of estoppel thus "An essential element of equitable estoppel is a representation which may consist of words, acts or silence, believed and relied upon by the party claiming the benefit of the estoppel which induced him to act or refrain from acting, to his prejudice." This statement has been approved in Sailer v. Mercer County, 75 ND 123, 26 NW2d 137, and Star v. Norsteby, 75 ND 563, 30 NW2d 718. In applying this principle to a controversy between an owner and a chattel mortgagee of an automobile the Supreme Court of Oregon in Commercial Finance Corporation v. Burke, 173 Oregon 341, 145 P2d 473, 151 ALR 684, held that the owner was estopped to deny the validity of a chattel mortgage executed in the name of the owner's agent who with the owner's permission was in possession of the property and the documents

of title creating an appearance of ownership in the agent. See also Annotation 151 ALR 690.

The possession and control of personal property alone are not sufficient to estop the owner from asserting his title against one who deals with the person in possession on the faith of his apparent ownership. 19 Am Jur Estoppel Section 68. The owner, Jack Dassenko, relies upon this rule and asserts that under Minnesota law the registration certificate is not a certificate of title to the automobile described thereon and the possession of this certificate was not sufficient to clothe Lindemann Motors with apparent ownership. He cites Bolton-Swanby Company v. Owens, 201 Minn. 162, 275 NW 855, wherein the court said "The purpose (of the certificate of registration) is not to determine and establish title by registration. It is the vehicle, and not the title, which is registered."

However, the court did not hold that the certificate of registration was not "indicia of ownership" for in the last paragraph of the opinion it is said "Plaintiff is not estopped to claim ownership of the car because it invested Mrs. Schiller with possession and indicia of ownership. Nothing more has been shown. In order to constitute an estoppel, the party alleging it must have acted and parted with value upon faith of the apparent ownership so that he will be the loser if the appearance upon which he relied is not real. . . . There was no reliance upon Mrs. Schiller's possession and indicia of ownership by the judgment creditor, because he extended credit to her some two or three years prior to the time she obtained possession by the sale of the goods upon which the judgment is based."

In this case the owner gave possession of the automobile and the registration certificate to Lindemann Motors. The certificate showed registration in the name of Kuehl Bros. Kuehl Bros. had signed the bill of sale on the back of the certificate in blank. Certificates of title are not issued in the State of Minnesota. Apparently title to an automobile may be transferred by bill of sale. The owner gave to Lindemann Motors not only possession of the car and the certificate of registration, but he also gave them the bill of sale signed in blank, which was on the

back of the certificate. It appears that the various parties to the several transactions involving this property treated the bill of sale and the certificate as indicia of title and Jack Dassenko so regarded it. When he was asked why he did not put his name in the transfer certificate which also appears on the back of the certificate of registration just below the bill of sale, he replied "To eliminate the delay in transfer, because I wanted to resell it."

We reach the conclusion that the certificate of registration with the bill of sale thereon signed in blank was indicia of ownership and when turned over to Lindemann Motors with the possession of the automobile constituted conduct on the part of the owner that estops him from asserting his title against a chattel mortgage taken in good faith and for value.

The defendant, Jack Dassenko, next contends that the plaintiff is not entitled to assert estoppel against him because it is not a mortgagee in good faith and for value. He argues that a mortgagee who takes a mortgage to secure a pre-existing debt does not thereby act to his detriment and may not invoke estoppel. That he has stated the rule too broadly is demonstrated by the two cases which he cites—Bolton-Swanby Company v. Owens, supra, and Yale Oil Corporation v. Sedlacek, 99 Mont 411, 43 P2d 887. In the former case the party seeking to invoke estoppel sought to enforce a judgment rendered on an old indebtedness that arose prior to the transaction involving the party against whom the estoppel was sought to be invoked. In the latter case the party estopped had taken its mortgage as additional security for a pre-existing debt evidenced by a note already secured by other mortgages. In that case the court held that a pre-existing debt is not such a consideration as will support the claim of a mortgagee that he is a bona fide purchaser unless the creditor has granted an extension of time for the payment of such debt or has in some way altered his legal condition for the worse. That decision is in accord with our own case of Horton v. Wright, B & S Company, 36 ND 622, 162 NW 939, wherein it was held that a creditor who takes a mortgage as security for a debt already due without giving any new consideration or being in-

420

duced to change his condition in any manner is not entitled to the protection accorded a bona fide purchaser for value. Yet if the mortgagee at the same time and in consideration of the giving of the mortgage surrenders some security for the same debt he would thus establish a new consideration that would give him the right of a purchaser for value. And likewise if the mortgagee, in consideration of the giving of the mortgage, grants a definite extension of time for the payment of the old debt it amounts to a new consideration which will give him the character of a purchaser for value.

When Lindemann Motors executed the note and mortgage in question on June 29, 1948, in the sum of $6746.00 it also turned over to the plaintiff three automobile sales contracts amounting to the sum of $2725.00. The plaintiff credited Lindemann Motors with the total amount of the mortgage and the contracts which was $9,471.00. This total credit was applied to the benefit of Lindemann Motors by paying to it $869.77 in cash and applying the balance of $8601.23 on the prior indebtedness of Lindemann Motors which was secured, at least in part, by a former mortgage. Some of the former security was released and a new note taken. Summing up the entire transaction it appears that when the mortgage in question was taken, payment of the debt represented thereby was extended by a new note until July 29, 1948, some of the prior security was released and a sum was paid to Lindemann Motors in cash. It is clear that by taking the mortgage the plaintiff did more than acquire security for a prior indebtedness. It materially changed its position to its disadvantage and to the advantage of the mortgagor. An inducement for this change of position was plaintiff's reliance upon the automobile in question as security for the mortgage debt to the extent of $1083.00. The responsibility for this situation rests upon Jack Dassenko who placed in the hands of the mortgagor, possession of his automobile and the indicia of ownership represented by the bill of sale in blank and the registration certificate. He thus made possible the fraud of Lindemann Motors in using his automobile for obtaining credit from the plaintiff and is, as a matter of law, estopped from asserting his ownership

as against the rights of the mortgagee. Baird v. Stephan, 52 ND 568, 204 NW 188.

At the close of the testimony the plaintiff moved for a directed verdict in its favor. This motion was resisted by the defendants and denied by the court as our statute Section 28–1509 Supplement to RCND 1943 requires. The denial of this motion is specified as error on this appeal and plaintiff's challenge to the sufficiency of the evidence is thereby brought to this court. Our review of the evidence leads us to the conclusion that the plaintiff is entitled to prevail as a matter of law with respect to the possession of the automobile in question. The judgment appealed from is reversed and the district court is directed to enter judgment in accordance herewith.

NUESSLE, C. J., CHRISTIANSON, BURKE and GRIMSON, JJ., concur.

MORRIS, J. On rehearing. After our decision had been handed down the Supreme Court of Minnesota decided the case of Moberg v. Commercial Credit Corporation, 230 Minn 469, 42 NW 2d 54, which involves similar but distinguishable facts. We granted a rehearing after the defendant had petitioned therefor and called our attention to that case.

The automobile in this case was registered in Minnesota in the name Kuehl Bros. The defendant Jack Dassenko who claims possession of the car as owner, purchased it from Lemke Motors and received with the car and as the instrument representing the title thereto, the registration card issued to Kuehl Bros., with the transfer on the back signed by Kuehl Bros., in blank. According to his testimony, in order to eliminate delay in transfer when he sold the car, he did not obtain a new card showing him to be the registered owner. The undisputed evidence shows that the practice of second hand car dealers was to carry the registration card with the transfer in blank in order to facilitate sales by eliminating the delay that would be occasioned by sending the old card in to the Secretary of State and obtaining a new one in the name of the new owner. It is clear that Jack Dassenko was following that practice when he obtained the car in question

from Lemke Motors accompanied by the registration card in the name of Kuehl Bros. with the transfer signed in blank and which he continued to hold in blank for the purpose of eliminating delay when he should resell it. When he turned the car and card over to Lindemann Motors he placed in its possession the physical property and such indicia of title as he had and which he no doubt intended would be turned over to the purchaser. Thus he acceded to and participated in the custom which recognized the registration card with the transfer on the back signed by the registered title owner as being indicia of title when it accompanied the possession of the car described therein. Before taking the mortgage the plaintiff's manager examined both the car and the card in the possession of Lindemann Motors. In reliance thereon credit was extended. We adhere to our decision that the defendant is estopped from asserting the title as against the plaintiff who is a bona fide mortgagee for value.

NUESSLE, C. J., CHRISTIANSON, GRIMSON and BURKE, JJ., concur.