Rice Street Motors, to use, Appellant, *v.* Smith et al.

Argued April 11, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Dan T. R. Dickson,* with him *Willis A. MacDonald,* for appellant.

*John C. Dillon, Jr.,* with him *A. R. Cingolani, Lee C. McCandless, George P. Kiester, Clyde S. Shumaker* and *Shumaker & Kiester,* for appellees.

OPINION BY DITHRICH, J., July 20, 1950:

The problem confronting the Court in this replevin action concerns the rights of two innocent parties. Rice Street Motors, now for the use of the Commercial Credit Company, appellant, at St. Paul, Minnesota, on April 11, 1946, sold a 1940 Plymouth coupe under a conditional sales agreement to LeRoy A. Smith, alias Roy Smith, and then assigned the contract to the appellant. Smith applied for and was issued a registration card from the State of Minnesota for the year ending December 31, 1946. On the registration card was printed *"This is also Minnesota title."* (Italics supplied.) The sales agree-

ment, provided, inter alia, "2. Title to the Car . . . shall not pass by delivery to the Buyer but shall remain vested in and be the property of the Seller or Assigns until the purchase price has been fully paid." The agreement further provided that the buyer was not to remove the automobile from the State of Minnesota.

Notwithstanding his agreement and without the knowledge and consent of appellant, Smith on July 8, 1946, brought the car to Butler, Pennsylvania, and sold it to Peter Betres, trading and doing business as Betres Service Sales, one of the intervening defendants. Betres, who was an innocent purchaser for value, without notice of the conditional sales contract, obtained a Pennsylvania certificate of title for the car and then leased the same by bailment lease to Dwight W. Emrick. The lease was financed through the General Credit Company of Butler, the other intervening defendant. The car subsequently was replevied by appellant from Emrick, the defendant in possession.

The trial of the issue resulted in a directed verdict in favor of Emrick, and from the refusal of its motions for judgment non obstante veredicto and a new trial the Commercial Credit Company has brought this appeal.

Section 203 of The Vehicle Code of Pennsylvania of May 1, 1929, P. L. 905, as last amended by the Act of May 18, 1949, P. L. 1412, §3, 75 PS §33 (Pkt. Part), provides, in part, as follows:

"(a) A certificate of title shall contain . . . a statement of any liens or encumbrances [upon the motor vehicle] . . .

"(b) Where there are no liens or encumbrances . . ., the certificate of title shall be delivered to the owner, but otherwise it shall be delivered to the person holding the first lien or encumbrance upon said motor vehicle . . ., and shall be retained by such person until the entire amount of such . . . lien or encumbrance is

fully paid by the owner . . . The outstanding certificate of title, when issued by the secretary showing a lien or encumbrance, shall be adequate notice to the Commonwealth, creditors, subsequent mortgagees, lienors, encumbrancers and purchasers that a lien against the motor vehicle . . . exists, and failure to transfer possession of the vehicle . . . shall not invalidate said lien or encumbrance."

While it is true that the appellate courts of this Commonwealth have determined that the certificate of title is not a muniment of title (see *Braham & Co. v. Steinard-Hannon Motor Co.*, 97 Pa. Superior Ct. 19), it nevertheless has been held that a certificate of title is an indicium of ownership. *Majors v. Majors*, 349 Pa. 334, 37 A. 2d 528. See, also, *In re Berlin*, 147 F. 2d 491, Court of Appeals, Third Circuit. That possession is prima facie evidence of title is also the law of Minnesota. *Amick v. Exchange State Bank*, 164 Minn. 136, 204 N. W. 639. Smith, the conditional vendee, not only had possession of the automobile; he also had a Minnesota registration card, having printed thereon "This is also Minnesota title." That certainly was sufficient indicium of ownership when coupled with possession to effect a valid transfer of title in Pennsylvania. Section 102 of The Vehicle Code, as amended, 75 PS §2 (Pkt. Part), defines owner as "A person . . . holding the legal title of a vehicle; or, in the event a vehicle is the subject of a chattel mortgage or an *agreement for the conditional sale* or lease thereof or other like agreement, with the right of purchase upon performance of the conditions stated in the agreement, and with an immediate *right of possession* vested in the mortgagor, *conditional vendee* or lessee, then such mortgagor, *conditional vendee* or lessee *shall be deemed the owner for the purpose of this act.*" (Italics supplied.)

In *First National Bank of Jamestown v. Sheldon*, 161 Pa. Superior Ct. 265 (Allocatur refused *ib.* xxv),

54 A. 2d 61, we held that where an automobile encumbered with a chattel mortgage lien is brought into this State and sold to an innocent purchaser for value, without knowledge or notice of the lien, the purchaser acquires title to the automobile free of the lien of the mortgage. We see no reason why the same principle should not apply to an automobile that has been sold under a conditional sales agreement where the purchaser is given possession of the vehicle by virtue of which he obtains a certificate of title on which there is no notice of any encumbrance. What we said in respect of the appellee's position in that case is equally applicable to appellant's position here (page 270):

"The weakness of appellee's position as we view it is that the State of New York does not have a system of titling automobiles similar to that in Pennsylvania. In New York motor vehicle licenses are issued on the presentation of a bill of sale and there is no requirement that any encumbrance be noted thereon. Adherence to the principle of comity between states in the circumstances would validate transactions which contravene the settled public policy of this state. Chambers v. Consolidated Garage Co., 210 S. W. 565; Willys-Overland Co. v. Chapman, 206 S. W. 978; Turnbull v. Cole, 201 Pac. 887.

"Furthermore, applying the universally accepted principle that when one of two innocent persons must suffer through the fraud of a third person, the one who made it possible for the fraud to be perpetrated must bear the loss, it readily appears that the loss in this case should be borne by the mortgagee [use plaintiff] who, by permitting the mortgagor [conditional vendee] to remain in possession of the automobile, placed him in a position to perpetrate a fraud upon innocent purchasers without notice of the mortgage [conditional sales agreement] which he did in fact perpetrate on

appellants [appellees]. Chambers v. Consolidated Garage Co., supra.

"Judicial comity does not require this state to enforce a mortgage [conditional sales agreement] which, though valid under the lex domicilii, conflicts with the policy of this state relating to the registration of motor vehicles and impairs the rights or remedies of domestic purchasers without notice."

We agree with the learned president judge of the court below that "[b]oth Betres Service Sales and the Commonwealth of Pennsylvania were . . . justified in giving full faith and credit to the certification under official seal of the State of Minnesota"; and since the certificate showed no lien or encumbrance, an innocent purchaser for value, without notice, is entitled, as against the holder of a lien or encumbrance, to the possession of the motor vehicle.

Judgment affirmed.