Charley R. JOHNSON, Selma Johnson and Alvin L. Johnson, Individually and as Trustee for the Heirs of Adeline Johnson, Deceased, Appellants,

v.

The FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.

No. 15537.

United States Court of Appeals Eighth Circuit.

Nov. 20, 1956.

Charles Alan Wright, Austin, Tex. (Sletten C. Olson, Warren, Minn., and Johanson, Winter & Lundquist, Wheaton, Minn., with him on the brief), for appellants.

Gerald S. Rufer, Fergus Falls, Minn. (Rosengren, Rufer & Blatti, Fergus Falls, Minn., with him on the brief), for appellee.

Before WOODROUGH, VOGEL and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse the declaratory judgment rendered in favor of the insurance company against the appellants pursuant to the opinion of the district court reported at 134 F.Supp. 156. As shown by the opinion, the insurance company issued its policy covering a certain Kaiser automobile to the appellant, Charley R. Johnson. The policy also insured said appellant's wife, Selma, and contained a standard "use of other automobiles" clause which extended the policy coverage to "any other automobile" used by the insured or his wife, Selma, with the exception that it would not apply:

"To any automobile owned by, * * *, or furnished for regular use to the named insured or a member of his household * * *."

The insured's wife, Selma, while operating a 1938 Ford automobile on May 13, 1952, during the life of the policy, was involved in an accident, and a suit alleging negligence on her part causing wrongful death and demanding damages in the sum of $17,500 had been brought and was pending against her. The policy obligated the insurance company to defend the suit and pay any recovery to the limit of its policy ($10,000.00) unless the accident was excluded from the coverage of the policy by the above provision.

It was alleged in the insurance company's complaint in this action that at the time of the happening of said accident, the said Charley R. Johnson was the owner of the Ford car and that "the defendants and others who may be working in privity with them have conspired to claim that Alvin Johnson [son of Charley R. Johnson] was the owner," but that "if the said Alvin Johnson was the owner, that said [Ford] automobile was furnished for regular use to the named insured and his spouse, Selma Johnson," and therefore was excluded from coverage of the policy.

The "joint and separate" answer of the defendants denied that Charley R. Johnson was the owner of the Ford car, alleged specifically that Charley's son, Alvin L. Johnson, was its owner, and denied that it was furnished for regular use to the insured or his wife. Claim for jury trial was duly endorsed on the answer and was also made by separate motion timely filed by defendants, but was denied by the district court on motion of the insurance company.

Trial was had to the court and as stated in the opinion two factual issues were presented. The first was as to the ownership of the Ford car driven by the insured's wife at the time of the fatal accident. The court found it belonged, as claimed by defendants, to the son, Alvin L. Johnson. The second issue was whether or not the Ford car was "furnished for regular use" to the insured and his wife and the court found that it was so furnished. On these findings declaratory judgment followed for the insurance company.

█ The substantial question on the appeal is whether or not the denial of jury trial to defendants constituted reversible error.

Rule 38, Rules of Civil Procedure, 28 U.S.C.A., provides that the right of jury trial as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate, and in Rule 57, Rules of Civil Procedure, 28 U.S.C.A., it is provided that in the procedure for obtaining a declaratory judgment the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39.

In Firemen's Ins. Co. of Newark v. Smith, 8 Cir., 180 F.2d 371, 374, this court declared:

"There can be no doubt that the parties to a declaratory judgment proceeding presenting legal issues are entitled to a trial by jury as of right, Rule 38(a), when demanded

as provided in Rule 38(b, c). Federal Rules of Civil Procedure, 28 U.S.C.A."

In Declaratory Judgments and Insurance Litigation, 34 Ill.L.Rev. 245, 258–259 (1939), Borchard stated:

"Naturally the [insurance] [1] company should not by a declaratory action, often inaccurately called an action in equity, be allowed to deprive the defendants of a jury trial."

In American Lumbermens Mut. Cas. Co. v. Timms & Howard, Inc., 2 Cir., 1939, 108 F.2d 497, 499, the court said:

"But it is quite clear that the declaratory judgment is not a means of evading trial by jury, and that jury trial may be had as of right in a declaratory action such as this which at bottom concerns the duty of a contract-obligor to pay money on the fulfillment of a condition."

In Pacific Indemnity Co. v. McDonald, 9 Cir., 1939, 107 F.2d 446, 448, 131 A.L.R. 208, the court said:

"It follows from what we have said that we simply have a situation herein where a party who has issued a policy of insurance anticipates a suit thereon by the insured or one subrogated to his rights and to avoid delay brings the matter before the court by petition for declaratory relief. In such a proceeding, although the parties are reversed in their position before the court, that is, the defendant has become the plaintiff, and vice versa, the issues are ones which in the absence of the statute for declaratory relief would be tried at law by a court and jury. In such a case we hold that there is an absolute right to a jury trial unless a jury has been waived."

A great many cases are to the same effect including Freeman Contractors, Inc., v. Central Surety & Ins. Corp., 8 Cir., 1953, 205 F.2d 607; United States F. & G. Co. v. Koch, 3 Cir., 1939, 102 F.2d 288; Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 1943, 138 F.2d 732; Dick-

1. Interpolated for clarity.

inson v. General Accident F. & L. Assur. Corp., 9 Cir., 1945, 147 F.2d 396; Hargrove v. American Central Ins. Co., 10 Cir., 1942, 125 F.2d 225.

■ The right to maintain a declaratory judgment proceeding arises solely upon the existence of actual (justiciable) controversies between the parties, Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, and the only such controversies which the complaint of the insurance company herein set forth were the two which the trial court referred to as factual issues, namely, (1) the controversy as to whether the father or the son owned the Ford car, and (2) the controversy as to whether or not the Ford car was "furnished for regular use" to [the father] or his wife, Selma. There was no controversy as to the validity of the insurance policy issued by the insurance company nor as to the obligation of the company to pay on the fulfillment of the conditions specified in it.

■ The record on the appeal does not disclose any reason assigned by the insurance company in the district court why it claimed to be entitled to be immune from jury trial of the controversies set forth in its complaint, and there is nothing in the record to indicate the grounds on which the court struck the defendants' demand for jury trial.

But it is argued for the company here in support of the judgment that (1) defendants' demand for jury trial was improper because it was made by defendants jointly; (2) because the right to jury trial was contingent as to certain of the defendants; (3) because the issues in the case are equitable; (4) because the evidence disclosed that registration of the Ford was in the name of the insured and not in the name of Alvin L. Johnson on the date of the accident; (5) because appellants state in their brief in the alternative that there should be reversal with directions for judgment in their favor or a jury trial awarded.

(1) and (2). The defendants were sued jointly and separately and the declaratory judgment was prayed against all of them absolutely and not contingently. The answer filed by them was "joint and separate." Their demand for jury trial was endorsed upon that answer. Such endorsement complied with requirements of Rule 38 and fully preserved the right of jury trial of the issues presented. Their motion for jury trial was also sufficient. No defendant waived the right of jury trial. The company's contentions which we have numbered (1) and (2) are without merit.

■. The justiciable controversies set forth in the complaint to be adjudicated in the proceedings are such as have been traditionally and are now determined in trials by jury. The fact that only a declaration is sought does not deprive the defendants of the right to have those issues determined in a jury trial. Although the complaint alleged the absence of remedy at law and prayed for other and further relief as may be necessary, such allegation and prayer were merely formal and surplusage, or relating to matters subsequent to decision of the issues and of no effect in depriving defendants of the right to jury trial.

■ (4). There was evidence that Charley Johnson had owned the Ford car and sold and delivered it to his son, Alvin, who kept it as his own under claim of ownership. There was a delay in filing the registration in Alvin's name but under Minnesota law "registration does not determine or affect title", Moberg v. Commercial Credit Corp., 230 Minn. 469, 42 N.W.2d 54, 59, citing Bolton-Swanby Co. v. Owens, 201 Minn. 162, 275 N.W. 855. The issue as to ownership of the Ford car was not equitable nor so regarded by the trial court.

■ (5). In their brief on this appeal appellants have contended that the trial court was right in finding that Alvin (the son) had bought and was the owner of the Ford car. They also contend that we should decide as a matter of law on the evidence that the Ford was

not furnished for regular use to Selma Johnson, but should direct the entry of a judgment in their favor. On this it is argued for the company that appellants should be deemed to have waived their right to jury trial. We do not think so. The appellants complied with every requirement to preserve their right to jury trial. They were denied it and compelled to submit the controversies between themselves and the company to a judge as the trier of the facts. But they do not waive their demand for jury trial by commending some of the judge's findings and attacking others on this appeal. Their fundamental complaint is against the denial of jury trial. The other arguments should be deemed to be in the alternative.

█ The record is clear that the appellants complied with every requirement to preserve their right to jury trial and have never waived it. The factual issues presented were jury issues and the trial court was in error in undertaking to serve as the trier of the facts and in denying the jury trial demanded.

The writer stated in Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 8 Cir., 84 F.2d 695, 701, "the Federal Declaratory Judgment Act fully preserves the right of trial by jury" and the statement is in accord with the later declarations of this court in Firemen's Ins. Co. of Newark v. Smith, supra, and with the settled law. This case presents a clear instance where the law as stated is applicable and controls decision. There is no serious claim that the company could make out as a matter of law that the Ford car in the case was "furnished for regular use" to Selma Johnson. The evidence it offered was drawn from depositions and cross examination of hostile witnesses, and the contention that the Ford was so furnished is developed over many pages of argument on evidentiary details under many "becauses." The issue as to ownership of the car is similarly debatable calling for jury determination.

That the court arrived at its findings of fact upon the preponderance of evidence and not as a matter of law is manifest from the following, 134 F.Supp. on page 158 of the opinion:

"It is possible that Charley Johnson sold his car to his son, Alvin, for the nominal price of one dollar and a roll of snuff because he wanted to make a partial gift to his son as is urged by the defendants; but it is more probable, in view of the fact he needed a second car at least part of the time, and hence did not trade in the old Ford when he purchased the 1951 Kaiser, that the nominal sale price was fixed as part of an arrangement whereby the Charley Johnsons could continue to use the Ford car with Alvin. The practice which prevailed after the sale substantiates this view."

Of course we express no opinion on the ultimate facts.

The declaratory judgment appealed from is reversed and this case is remanded for a jury trial.