## Commonwealth v. One 1970 Fiat Sedan

608

*Carl Vaccaro, Assistant Attorney General*, for Commonwealth.

*Robert J. Hastings*, for respondent.

MIMS, *J.*, February 3, 1978—This matter was originally presented to the court for disposition along with four other forfeiture cases docketed under Numbers 695 Misc. 1976; 696 Misc. 1976; 697 Misc. 1976 and 1240 Misc. 1976. The issues in the instant matter are the same as those presented in the above-mentioned cases except for the addition of one distinguishing issue. That issue which must be disposed of is a determination of ownership of the vehicle sought to be forfeited by the Commonwealth.

Briefly, the factual background is that on September 18, 1976, defendant, Barry Benninger, was arrested and subject vehicle seized by agents of the Pennsylvania Bureau of Drug Control. Twenty-seven days later, on October 14, 1976, the Commonwealth filed its petition for forfeiture. The basis for the seizure was that on August 6, 1976, the vehicle was used by Barry Benninger to transport a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. §780-101 et seq. A hear-

ing was held on June 8, 1977, where the defense contention was that the Commonwealth did not act with sufficient promptness to fulfill the requirements of the act. There was no prior process availed of by the Commonwealth before seizing the vehicle in question. However, under 35 P.S. §780-128(b)(1) such seizures are permissible where made incident to an arrest for violation of the act.

Subsection (c) of that section mandates that where prior seizure without process has taken place the Commonwealth must institute proceedings for issuance of process "forthwith" after said seizure. In this case there was a delay of 27 days between the seizure and the filing of the petition for forfeiture.

As was stated in our earlier opinion on the companion cases, there has been no case law that clearly defines what the term "forthwith" means as used in the context of that section of the act. See Com. v. One 1966 Porsche Coupe, 97 Dauph. 243 (1975). The circumstances of this case are no different than those in the earlier cases and our disposition in the companion cases and the reasoning enunciated therein must apply to the instant case as well. There does not appear to be an inordinate delay in the instituting of process and there has been no prejudice that has been suffered by defendant and we therefore find that the Commonwealth has proceeded "forthwith" in instituting process as required by the act.

The vehicle was titled to one Barry Benninger, who was defendant using the 1970 Fiat to transport controlled substances; however, there was persuasive evidence presented that the funds used to purchase that vehicle came primarily from one Judy Reinhart. The purchase price of the vehicle was

$1200, of which $850 could be traced to Ms. Reinhart's separate and independent bank account and $350 of which came from defendant Benninger. Adequate proof was presented that one day prior to the purchase of the vehicle Ms. Reinhart withdrew that amount of money from her account and accompanied Mr. Benninger to the used car dealer. The testimony was that the car was titled to Mr. Benninger for insurance reasons in that he had no accidents on his record but Ms. Reinhart was not so fortunate. She used the vehicle every day to go to work and conducted herself in a manner to support her claim of actual ownership. There was no probative evidence that Ms. Reinhart knew about and/or acquiesced in the use of that vehicle for illegal purposes. Under the circumstances presented, there was nothing to suggest that Mr. Benninger was in fact in the habit of using the car for illegal purposes; therefore Ms. Reinhart cannot be held responsible for the act of Benninger.

The question then becomes whether the vehicle may still be forfeited based on the title documents being in the name of Mr. Benninger. Under section 128(a)(ii) of the act it provides that: "[n]o conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent." We have already determined that Ms. Reinhart did not know of the acts of Benninger and therefore any interest she may have in the vehicle should not be subject to forfeiture. The fact that the car was titled in defendant's name does not preclude inquiry into the question of actual ownership. The certificate of title is an indicia of ownership but it is not conclusive. See Summers Estate, 424 Pa. 195, 226 A. 2d

197 (1967); Speck Cadillac-Olds, Inc. v. Goodman, 373 Pa. 83, 95 A. 2d 191 (1953); Majors v. Majors, 349 Pa. 334, 37 A. 2d 528 (1944); Kump v. State Automobile Ins. Assn. 35 D. & C. 2d 238 (1964); Rice Street Motors v. Smith, 167 Pa. Superior Ct. 159, 74 A. 2d 535 (1950).

We conclude therefore that only the interest of Barry Benninger should be forfeited. This can only be done by a sale of the vehicle and a division of the proceeds on a percentage basis.

## ORDER

And now, February 3, 1978, it is hereby ordered that the 1970 Fiat Sedan, manufacturer's serial number 100GBS10070732, titled in the State of Pennsylvania in the name of Barry Lee Benninger under registration number 68S-128, bearing title number B2566721, be sold and forfeited to the extent of the interest of Barry Benninger. The proceeds from the sale of said vehicle shall be divided, with 70.83 percent of the sale proceeds being returned to Judy Reinhart and 29.17 percent of the proceeds to be turned over to the Bureau of Drug Control, Pennsylvania Department of Justice.

For purposes of carrying out this order, all claims of right, title and interest under Barry Lee Benninger are terminated and the license and registration issued by the Commonwealth of Pennsylvania, Department of Motor Vehicles, is terminated, and the Commonwealth of Pennsylvania, Department of Motor Vehicles, is directed to reissue said license and registration in the name of the Department of Property and Supplies, Commonwealth of Pennsylvania.