[File No. 7015]

OTTO WERNER, Appellant, v. CAROLINE WERNER, Cass County, North Dakota, a Public Corporation, and All Other Persons Unknown Claiming Any Estate or Interest in or Lien or Incumbrance upon the Property Described in the Complaint, and GUSTAVE WERNER, Intervenor and Respondent.

(23 NW2d 757)

Opinion filed July 19, 1946

*Burdick & Burdick,* for appellant.

*J. E. Hendrickson,* for intervenor and respondent.

MORRIS, J. The plaintiff, Otto Werner, seeks to quiet a tax title to eighty acres of land in Cass County, North Dakota. The intervenor, Gustave Werner, a brother of the plaintiff, claims title as the original owner of the premises. The plaintiff relies upon a deed issued to him by Cass County, dated November 26, 1940. The county's title was acquired through tax deed proceedings. This controversy involves the validity of those proceedings.

In 1933 Caroline Werner, the mother of the contending parties, owned the property in question and adjacent land. She failed to pay the taxes for the year 1933 and the premises were

sold at tax sale to Cass County on December 11, 1934. She also failed to pay the taxes assessed against this property for the years 1934 to 1938, inclusive. The taxes for these years were also bid in by the county as subsequent to the tax certificate which it already held. On July 3, 1935, Caroline Werner deeded the land to Gustave Werner, the intervenor, who did not record his deed until the sixth day of August, 1945. On September 11, 1939, she paid the 1933 taxes but did not pay the subsequent taxes held by the county. The intervenor farmed the land from 1936 to 1939, inclusive. In 1940 the intervenor rented the land to the plaintiff who farmed it that year. He continued to farm it as tenant of the intervenor until he acquired a deed to it from Cass County in November, 1940.

On May 15, 1940, the county auditor of Cass County issued a notice of expiration of period of redemption addressed to Caroline Werner, giving notice that unless the property was redeemed for unpaid taxes assessed for the years 1934 and 1935 a deed would be issued to the county. Service was made by registered mail and copies of the notice mailed to Caroline Werner and Gus Werner. The copy mailed to Gus Werner was never received by the intervenor and was subsequently returned to the county auditor.

The trial court found that at the time the notice of expiration of period of redemption was issued and served Otto Werner was in possession of the premises as tenant of the intervenor, Gus Werner, and that the latter was the owner of the premises by virtue of an unrecorded deed from his mother, Caroline Werner. The trial court then held that the failure to serve the notice on the tenant in possession was fatal to the tax deed proceedings and that the tax deed obtained by the county was void.

After this action was commenced the land in question was sold pursuant to a stipulation of the parties and the proceeds thereof, $5154.42, was deposited with the Clerk of the District Court of Cass County pending the final determination of this action. The plaintiff appeals from a judgment sustaining the intervenor's title and directing payment to him of the proceeds of the sale of the land.

The plaintiff's claim of title rests on the validity of the tax deed proceedings under which a deed was issued to Cass County. These proceedings were had during the time that Ch. 235, Sess Laws ND 1939, was in effect. It, therefore, governed the procedure which the plaintiff claims terminated the intervenor's right of redemption. Buman v. Sturn, 73 ND 561, 16 NW2d 837; Stutsman v. Smith, 73 ND 664, 18 NW2d 639.

The county does not acquire tax title until the required notice of expiration has been given and the period of redemption has expired. The right to redeem exists until title passes to the county. The statutory notice of expiration of the period of redemption is jurisdictional. Until it is served upon all of the parties prescribed by the statute and the period of redemption has expired the right to redeem remains as to all. Anderson v. Roberts, 71 ND 345, 1 NW2d 338; Schott v. Enander, 73 ND 352, 15 NW2d 303.

Chapter 235, Sess Laws ND 1939, requires among other things that the notice of expiration of the period of redemption shall be sent by registered mail to the owner and to the occupant or tenant in possession, if any, as well as to each mortgagee, lien holder, or other person interested in the property as may appear from the records of the office of the register of deeds and clerk of the district court. In this case the trial court found that at the time the notice was issued and served the plaintiff, Otto Werner, was in possession of the property and was farming it as tenant of the intervenor. This finding is supported by the testimony of both the contending parties. Under the rule which we have applied in both of the cases above cited, service of the notice on the tenant in possession was an indispensable prerequisite to the termination of the owner's right to redeem. The failure to serve the notice is, therefore, fatal to the validity of the tax deed issued to the county and to the title which the county attempted to convey to the plaintiff.

The plaintiff further urges that despite the defect in the service of the notice the intervenor is now estopped from asserting his right to redeem. The facts upon which the plaintiff relies for the establishment of an equitable estoppel are these. After

the notice of expiration of redemption had been issued and before a tax deed was obtained by the county the intervenor went to the county auditor's office and attempted to make arrangements to save his land. He testified that the auditor told him that in order to save the land he had to pay some $40 or $50. He was not able to pay this amount at that time. He paid the county auditor $17.29 which was all he had and told the auditor that he would pay the balance when he got his parity payment. Whether he later received a parity payment does not appear from the evidence but in any event no more was paid on the taxes and his payment was returned to him when a deed was later issued to the plaintiff. When this payment was returned the county auditor also advised the intervenor that the land had been sold to the plaintiff for $500. This letter is dated November 26, 1940. The summons in this action was issued on July 17, 1945.

The facts in this case fall far short of establishing an equitable estoppel. An essential element of such an estoppel is a representation which may consist of words, acts or silence, believed and relied upon by the party claiming the benefit of the estoppel which induced him to act or refrain from acting, to his prejudice. Thompson on Real Property, Perm ed § 2612; Pomeroy, Eq Jur 5th ed § 812. In the latter citation it is said:

"The cases all agree that there can be no estoppel, unless the party who alleges it relied upon the representation, was induced to act by it, and thus relying and induced, did take some action. . . . Although this action is usually affirmative, yet such affirmative action is not indispensible. It is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss." See also Baird v. Stephan, 52 ND 568, 204 NW 188. There is not the slightest intimation in the record that anything the intervenor said or did was in any way relied upon by the plaintiff or acted as an inducement toward his purchase of the land from the county. Furthermore, it appears that the defect in the proceedings was the failure of the county officials to serve the notice of

expiration of the period of redemption upon the tenant in possession, who was the plaintiff. He was in the best position of anyone to know of the defect. It can readily be assumed that both the plaintiff and intervenor were ignorant of the legal effect of the failure to make this service.

·"Their mutual ignorance of the invalidity of the tax sale no more affected the conscience of one than the other; and it may be more unconscionable to enforce the invalid tax sale against one party than it would be against the other to set it aside, and leave the parties to their rights as they would then exist." Nye v. Denny, 18 Ohio St 246, 98 Am Dec 118. The facts in this case fail to show conduct on his part which would estop the intervenor from asserting title to his land.

Affirmed.

CHRISTIANSON, Ch. J. and BURR, NUESSLE and BURKE, JJ., concur.