[File No. 7063]

ALFRED STAR, Appellant, v. HANS NORSTEBY,
Respondent.

(30 NW2d 718)

Opinion filed February 10, 1948

*R. E. Swendseid,* for appellant.

*Wyckoff & Schulte,* for respondent.

BURKE, J. This is an action to determine adverse claims to a tract of land in Mountrail County. The plaintiff claims title as owner of the original record title to the land while defendant's claim rests upon a tax title. At the trial of the action in district court, the defendant prevailed. Plaintiff appealed and the case is here for a trial anew.

The plaintiff, Alfred Star, acquired the land in question by patent from the United States on March 1, 1912. On June 1, 1925, the land was conveyed to Albert Halvorson by sheriff's deed issued pursuant to the foreclosure of a mortgage made by the plaintiff. Thereafter, on April 24, 1926, Halvorson sold the land by contract for deed to Ole K. Hanson. On January 1, 1929, Hanson assigned his contract for deed to the plaintiff. In the meantime on November 26, 1929, Halvorson conveyed the

land by quit-claim deed to The Brush-Annis Corporation of Mitchell County, Iowa. This corporation quit-claimed the land to the plaintiff in March 1947.

Plaintiff moved off the land in 1925, and although he continued to farm it until 1941, no taxes were paid thereon subsequent to 1927. The land was offered for sale for the delinquent 1928 taxes and was purchased by Mountrail County. Notice of expiration of the period of redemption from tax sale was given on May 22, 1941. There was no redemption and accordingly a tax deed to the land was issued to Mountrail County on October 1, 1941. Thereafter on October 2, 1942, Mountrail County sold and conveyed the land to the defendant, Hans Norsteby. On February 10, 1945, Hans Norsteby commenced an action to determine adverse claims to said land, naming the Brush-Annis Corporation as defendant. At the time of the commencement of the action notice of lis pendens was filed in the office of the Register of Deeds of Mountrail County. Thereafter on April 7, 1945, judgment was entered in said action quieting the title to the land in Hans Norsteby. Alfred Star, the plaintiff here, was not joined as a party defendant in that action because his interest in the land did not appear on the records in the office of the Register of Deeds.

Plaintiff contends that the defendant Norsteby's tax title is void for the reason that the notice of expiration of the period of redemption given in the tax title proceedings is fatally defective in that it does not sufficiently describe the land to be redeemed. The correct description of the land is the west half of the southeast quarter, (W$\frac{1}{2}$ SE$\frac{1}{4}$), the southwest quarter of the northeast quarter (SW$\frac{1}{4}$ NE$\frac{1}{4}$) and lot two (2) of section four (4) in township one hundred fifty-eight (158), north of range ninety-four (94) west of the fifth principal meridian. In the notice of expiration of redemption the land was described as "WSE SWME, Lot 2, Section 4, Township 158, Range 94."

It is the typographical error which resulted in the description of the southwest quarter of the northeast quarter being abbreviated S W M E instead of S W N E which plaintiff says voids the notice. In this contention, plaintiff is correct. S W M E is

not a description at all. In the context in which it is used it is meaningless. The fact that plaintiff, knowing the description of his land, might make use of that knowledge and assume that the correct description was intended does not cure the error. The description in the notice must be complete in itself. State Finance Co. v. Mulberger, 16 ND 214, 112 NW 986, 125 Am St Rep 650; State Finance Co. v. Mather, 15 ND 386, 109 NW 350, 11 Ann Cas 1112; State Finance Co. v. Trimbel, 16 ND 199, 112 NW 984. Since the notice of expiration of redemption was insufficient, defendants tax deed is void. Trustee Loan Co. v. Botz, 37 ND 230, 164 NW 14; Golden Valley County v. Miller, 57 ND 101, 220 NW 839.

Defendant urges the well established principle that plaintiff must stand on the strength of his own title. Nord v. Nord, 68 ND 560, 282 NW 507; Company A, First Regiment, N. G. T. S. v. State, 58 ND 66, 224 NW 661. He contends that plaintiff had no interest in the land at the time of the tax title proceedings for the reason that the contract for deed which was assigned to him, was by its terms unassignable without the consent of the vendor, that no such consent is endorsed on the assignment, that the conveyance to plaintiff by the Brush-Annis Corporation was executed and delivered after a lis pendens in defendant's action to quiet title to the land had been filed and that therefore the judgment in defendant's favor in that action is binding on the plaintiff in this.

Defendant is in no position to attack the assignment of the contract for deed to plaintiff. The provision against assignment contained in the contract was one which the vendor might insist upon or waive as he saw fit. Here too it appears that the vendor or his grantee accepted some payments upon the contract from the plaintiff. This was a waiver of the provision against assignment. Ross v. Page, 11 ND 458, 92 NW 822. It is clear therefore that plaintiff did have an interest in the property. Semmler v. Beulah Coal Min. Co. 48 ND 1011, 188 NW 310. As the owner of a prior executory contract for the purchase of the land plaintiff's interest was not affected by the judgment rendered in defendant's action to quiet title although he did not

receive the deed until after that action was pending. 34 Am Jur 371, Lis Pendens, § 12; 38 CJ Lis Pendens, 58; Annotation in 93 ALR 404.

Defendant also claims that plaintiff is estopped to claim title at this late date by reason of the fact that he (plaintiff) kept his interest in the land secret by failing to record any evidence thereof, that he knew defendant had gone into possession of the land in 1942, that he knew that defendant had improved and cropped the land and still waited five years before asserting his interest. The claim is without merit. As we said in Werner v. Werner, 74 ND 565, 571, 23 NW2d 757. "An essential element of such an estoppel is a representation which may consist of words, acts or silence, believed and relied upon by the party claiming benefit of the estoppel which induced him to act or refrain from acting to his prejudice."

While it is true, as defendant claims, that plaintiff's interest did not appear upon the record, defendant, nevertheless, had actual notice of such interest at the time he purchased tax title to the land. The record shows, that as one of plaintiff's employees, defendant had helped farm the land for years. In the circumstances he could not justifiably draw an inference that plaintiff had no interest from his silence or failure to record evidence of that interest.

Since plaintiff has established a valid record title and defendant's tax title is void, plaintiff is entitled to judgment quieting title to the land in him. The judgment of the district court is therefore reversed.

CHRISTIANSON, Ch. J., and NUESSLE, J., and GRIMSON, District Judge, concur.

BURR and MORRIS, JJ., did not participate.