Estella Carpenter ACCOLA, sole and only surviving heir of Emma J. Carpenter, deceased, for herself and for the use and benefit of J. S. Martin, Plaintiff and Appellant,

v.

Vernon MILLER, Defendant and Respondent.

No. 7554.

Supreme Court of North Dakota.

March 23, 1956.

Rehearing Denied April 23, 1956.

M. S. Byrne, Bowman, and Hyland, Foster & Conmy, Bismarck, for plaintiff and appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, and John A. Amundson, Bowman, for defendant and respondent.

MORRIS, Judge.

The plaintiff brings this action as the sole and only surviving heir of Emma J. Carpenter, deceased, for herself and for the use and benefit of J. S. Martin, to determine adverse claims to a quarter section of land in Bowman County. For herself the plaintiff claims to be the owner of the surface and 1/16th of the minerals. For the use and benefit of J. S. Martin she claims 15/16ths of the minerals.

The defendant, Vernon Miller, answers and alleges that he is the owner of the land by virtue of a deed from Bowman County which in turn acquired title through tax deed proceedings. He also alleges that he and his grantor have been in adverse possession and have paid all the taxes legally levied on the land for ten years and he has thereby acquired valid title thereto. Chapter 276, SLND 1951. As defenses the defendant also sets up that plaintiff's cause of action accrued more than ten years prior to the time this action was commenced and it is barred by the statute of limitations. Section 28-0122, NDRC 1943. He also sets out facts which he contends bar plaintiff's recovery on the grounds of estoppel and laches. The defendant also contends that at least insofar as the interest claimed by Martin is concerned recovery is barred because the transaction by which Martin's purported interest was acquired was champertous and was in violation of Section 12-1714, NDRC 1943 and that the plaintiff herein is not the real party in interest.

The record discloses that Emma J. Carpenter, mother of the plaintiff, acquired the land by sheriff's deed in mortgage foreclosure proceedings on March 11, 1926. The mother died in 1933. Her estate was never probated in Wisconsin where she resided or in North Dakota. The plaintiff is the only surviving heir. No taxes were paid on this land by anyone after the year 1929 until the defendant purchased it on contract from Bowman County in 1948.

On or about January 30, 1953, J. S. Martin called the plaintiff by telephone and then went to the plaintiff's home where he talked to her and her husband. He told her he had been checking the records in Bowman County, North Dakota; that there had been a tax deed issued on the land in question; and that the plaintiff was the former owner. He had gone to some trouble to find out the facts. He told the plaintiff that if she would turn the matter over to him he would bring an action to recover the land for her. The parties entered into a written agreement which after some preliminary recitations, which included the description of the property, stated:

"Whereas, said property reverted to Bowman County for nonpayment of taxes and since has been sold by Bowman County to one Vernon Miller.

"Now, Therefore, Estella Carpenter Accola agrees to execute and deliver to J. S. Martin a regular oil and gas lease for One Dollar ($1.00) per acre and a 15/16 mineral deed which both instruments shall be effective on the completion of having title to the above described property vested in the proper owner, Estella Carpenter Accola.

"In further consideration for the regular oil and gas lease and 15/16 mineral deed J. S. Martin will act as agent in fact and bring suit to redeem the above described properties and to the legal owner, Estella Carpenter Accola, and that J. S. Martin agrees to pay any and all expenses incurred in perfecting said title to the above described properties and that Estella Carpenter Accola or her heirs or assigns will not be required to pay any moneys for the above mentioned proceedings."

The plaintiff and her husband, pursuant to this agreement, executed a mineral deed and gas and oil lease as therein provided. Martin paid the plaintiff $160 which was a dollar an acre. He employed a lawyer in Bowman County, North Dakota, and this action was instituted on March 4, 1953, in the name of the plaintiff as sole and only surviving heir of Emma J. Carpenter, deceased. The complaint and the title to

the action were later amended to show the interest of J. S. Martin as now appears.

Turning now to the facts as they relate to the title claimed by the defendant, we find that on December 8, 1931, the land was sold for taxes levied for the year 1930 and bid in by Bowman County. On January 26, 1939, notice of expiration of period of redemption was issued by the county auditor of Bowman County directed to Mrs. Emma J. Carpenter, the record title owner. It notified the owner that unless redemption was made within ninety days from the date of the notice a tax deed would be issued to the county granting to it and vesting in it absolute title to the property. It also provided:

"There is given herewith the description of such parcels of real estate, and set opposite each description is the amount which will be required upon the date of the expiration of the period of redemption to redeem such real estate from such tax sale exclusive of the cost of serving this notice personally upon the owner and the person in possession thereof."

Below this statement appeared a description of the land and the following statement and column of figures:

"Total Amount
Necessary To
Redeem

| "1930 | $44.11 |
|---|---|
| 1931 | 40.52 |
| 1932 | 30.45 |
| 1933 | 30.42 |
| 1934 | 26.56 |
| 1935 | 24.36 |
| 1936 | 21.44 |
| 1937 | 21.84 |
| "TOTAL | $239.70" |

On March 1, 1940, an auditor's tax deed was issued to Bowman County conveying the land pursuant to the sale thereof for delinquent taxes for the year 1930. On March 2, 1948, a contract for deed was issued wherein Bowman County agreed to sell the land to Vernon Miller, the defendant. On February 28, 1950, the county deeded the land to Miller.

It further appears that on March 6, 1940, Bowman County leased the land for grazing purposes to R. I. Miller, father of the defendant. From that time until its purchase by the defendant in 1948 the Millers either used the land as partners or the defendant subleased it from his father.

The trial court found that the plaintiff was debarred from recovering under her cause of action because the contract under which it was brought was champertous and void; that her cause of action was barred by the statute of limitations; and that the plaintiff was guilty of laches. Judgment was entered dismissing plaintiff's cause of action with prejudice. From this judgment plaintiff appeals and demands a trial de novo.

Our first consideration goes to the question of champerty and the effect of Section 12–1714, NDRC 1943, on the plaintiff's right to maintain this action. That section provides that:

"Every person who buys or sells or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof, for the space of one year before such grant, conveyance, sale, promise, or covenant is made, is guilty of a misdemeanor."

The mineral deed and the oil and gas lease were executed and delivered to Martin. As between Martin and the plaintiff they conveyed pretended titles to oil and gas as represented by the lease and 15/16ths of the minerals as conveyed by the deed and were clearly violative of Section 12–1714, NDRC 1943, supra.

The defendant contends that at least as to the interest of Martin conveyed

to him by the lease and the mineral deed he and not the plaintiff is the real party in interest and that she cannot maintain the action in whole or in part for his use and benefit. A conveyance of real estate executed in violation of Section 12–1714, NDRC 1943, is void but its invalidity extends only to the party in adverse possession claiming title; as between the grantor and grantee and all other persons the conveyance is valid. The grantee may not maintain an action in his own name against the adverse claimant but he may maintain an action in the name of the grantor for the grantee's use and benefit and for that purpose the grantor is considered the real party in interest within the meaning of Section 28–0201, NDRC 1943. We have applied this rule in McGee v. Heirs at Law of Samuel S. Stokes, N.D., 76 N.W.2d 145, concurrently considered and decided. It is clear that the plaintiff is entitled to maintain the action in her own name as to her interest, and as to the interest of Martin she may maintain the action in her name for his use and benefit. In further support of this conclusion we quote from Bancroft's Code Practice and Remedies, Section 745:

"Inasmuch as the codes require, with few exceptions, every action to be prosecuted by the real party in interest, the familiar device frequently employed at common law of the beneficial owner suing in the name of a nominal and 'use' plaintiff when legal title was in another, is rarely encountered under the code practice, for the person beneficially interested is in general permitted to sue in his own name. However, this device is recognized where a statute makes void as to the grantee a deed of property in the adverse possession of a third person, the grantor being out of possession; in such case, it is held, no right of action against the third person exists in the grantee but he must sue in the name of the grantor."

The facts pertaining to the issues raised by the defendant's answer are similar to those involving the title of the plaintiff in McGee v. Heirs at Law of Samuel S. Stokes et al., supra, and most of the principles of law are identical to those that we must apply here. The first issue is the validity of the title acquired by Bowman County through tax deed proceedings. The notice of expiration of the period of redemption that was issued to and served upon Emma J. Carpenter which we have heretofore described was dated January 26, 1939. It included in the total amount necessary to redeem, taxes that had not been delinquent for three years. The notice was therefore void, the owner's right of redemption was never cut off, and the tax deed issued to Bowman County on March 1, 1940, was a nullity. It follows that the contract for deed issued by Bowman County to Vernon Miller on March 2, 1948, and the deed issued by the county to him on February 28, 1950, although constituting color of title, did not in fact or in law convey to Vernon Miller any title, legal or equitable.

Bowman County took possession in March 1940 and retained possession through its tenants until it sold the land on contract to Vernon Miller on March 2, 1948. That possession, however, was not adverse to Emma J. Carpenter or her heirs. It did not give rise to a cause of action which would be barred by Section 28–0122, NDRC 1943, after ten years, assuming that the statute was otherwise applicable, a question which we do not here decide. It is also clear that the possession of the county was not adverse to the rights of the former owner within the meaning of Section 47–0603, NDRC 1943, as amended. See Chapter 276, SLND 1951; Chapter 275, SLND 1953. Adverse possession on the part of the defendant began at the earliest on March 2, 1948, the date on which he purchased the land from the county. This action was commenced on March 4, 1953, approximately five years later. Thus no adverse possession existed for ten years, which is the period required to make either statute effective.

The defendant cannot avail himself of the equitable defense of laches. We

considered the principle of laches under similar facts in Grandin v. Gardiner, N.D. 63 N.W.2d 128, and held it to be inapplicable.

For further authorities and discussions of the principles of law we have applied to the defendant's contentions we refer to McGee v. Heirs at Law of Samuel S. Stokes, supra.

■ The defendant has also pled the defense of estoppel. However, the proof shows no words or conduct of the plaintiff that induced the defendant to purchase the land from the county. He made no improvements upon it. The principle of estoppel has no application here. Werner v. Werner, 74 N.D. 565, 23 N.W.2d 757; Sailer v. Mercer County, 75 N.D. 123, 26 N.W.2d 137; Star v. Norsteby, 75 N.D. 563, 30 N.W.2d 718.

■ The evidence clearly establishes that Estella Carpenter Accola, as the sole and only surviving heir of Emma J. Carpenter, deceased, is the owner of the land herein involved subject to a lien for any unpaid taxes and taxes paid by the purchaser from the county which the county may be required to refund because of the failure of its title.

The judgment appealed from is reversed.

BURKE, C. J., and SATHRE, JOHNSON, and GRIMSON, JJ., concur.

On Petition for Rehearing

MORRIS, Judge.

■ The respondent points out that the agreement between Martin and the plaintiff from which we have previously quoted contains a provision that has no counterpart in the contract involved in Mc-Gee v. Heirs at Law of Samuel S. Stokes, N.D., 76 N.W.2d 145, which, it is argued, distinguishes this case and avoids the controlling effect of our decision in that case.

The provision upon which the respondent relies deals with the effect of the mineral deed and the oil and gas lease concerning which it states

"both instruments shall be effective on the completion of having title to the above described property vested in the proper owner, Estella Carpenter Accola."

It is argued that

"this language in the agreement made the mineral deed and the gas lease executory in character, since they were by the terms of the agreement not effective until the action to quiet title had been completed."

The respondent's contention runs counter to the established law of this state. The provision upon which he would rely appears in the agreement but does not appear either in the mineral deed or the lease. The lease and deed were delivered to Martin. Section 47-0907, NDRC 1943, provides:

"A grant cannot be delivered to the grantee conditionally. Delivery to him or to his agent as such is necessarily absolute and the instrument takes effect thereupon, discharged of any condition on which the delivery was made."

In Keefe v. Fitzgerald, 69 N.D. 481, 288 N.W. 213, we said:

"If the grantor makes a manual delivery to the grantee of a deed absolute in form, intending to part with all authority and dominion over the instrument, the delivery is absolute and title passes immediately in accordance with the terms of the deed notwithstanding any intention or understanding that its operation be delayed until the happening of a contingency."

While the agreement may have contemplated a condition precedent the instruments by which title passed contained no such condition, see Section 47-1014, NDRC 1943, and they therefore passed the present title which they purported to convey. They

were not executory in character as the respondent contends.

The petition for rehearing is denied.

BURKE, C. J., and JOHNSON, GRIMSON and SATHRE, JJ., concur.