Hazel Peterson SAUPE, Willard F. Saupe, and Robert A. Saupe, surviving heirs of Edward B. Saupe, deceased, for themselves and for the use and benefit of J. S. Martin, Plaintiffs and Appellants,

v.

Leonard LOWE, Defendant and Respondent.

Hazel Peterson SAUPE, Willard F. Saupe, and Robert A. Saupe, surviving heirs of Edward B. Saupe, deceased, for themselves and for the use and benefit of J. S. Martin, Plaintiffs and Appellants,

v.

Ivan McGEE and County of Bowman, State of North Dakota, a public corporation, Defendants and Respondents.

Nos. 7551, 7552.

Supreme Court of North Dakota.

Aug. 13, 1956.

M. S. Byrne, Bowman, Hyland, Foster & Conmy, Bismarck, for plaintiffs and appellants.

John A. Amundson, Bowman, Mackoff, Kellogg, Muggli & Kirby, Dickinson, for defendants and respondents.

JOHNSON, Judge.

The plaintiffs as the surviving heirs of Edward B. Saupe, deceased, for themselves and for the use and benefit of J. S. Martin, brought an action to quiet title against Leonard Lowe involving Lot 6 of Section 6. Township 129 North of Range 105 West of

the 5th P.M., Bowman County, North Dakota. They also, as such, brought an action to quiet title against Ivan McGee involving Lots 1, 2 and 3 of Section 6, Township 129 North of Range 105 West of the 5th P.M.

Five quiet title actions have been appealed to this court in which J. S. Martin is involved covering land in Bowman County. Two of these cases have already been decided by this court. McGee v. Stokes' Heirs at Law, N.D., 76 N.W.2d 145; and Accola v. Miller, N.D., 76 N.W.2d 517.

The pleadings in these two actions are very similar to those summarized in the case of Accola v. Miller, supra, and raise the identical legal questions referred to in McGee v. Stokes' Heirs at Law, supra, at page 149 of 76 N.W.2d.

The trial court found for the defendants, dismissing the plaintiffs' actions. The plaintiffs have appealed to this court and demanded a trial de novo in both cases.

These actions were brought on for trial on the 21st day of September, 1954, and it was stipulated in open court, as follows:

> "* * * that with regard to the Saupe v. McGee case and the Saupe v. Lowe case that they are consolidated for trial and will be tried together with the understanding that any evidence that is relevant to only one of those cases shall be deemed relevant in that case only."

The 1927 taxes covering the land involved in these actions, Lots 1, 2, 3, and 6 of Section 6, Township 129, Range 105, Bowman County, North Dakota, were sold on December 11, 1928. The county issued a tax certificate to itself involving the sale of these taxes in which the property is described as "Lots 1, 2, 3 and 4 of Section 6, Township 129, North of Range 105." (Emphasis supplied.)

At the time of the sale of these taxes and the subsequent tax title proceedings taken by Bowman County, North Dakota,

Edward B. Saupe was the record title owner of Lots 1, 2, 3 and 6 of Section 6, Township 129, North of Range 105 West of the 5th P.M. He died on August 22, 1948, a resident of Goodhue County, Minnesota. His estate was probated there and decreed to his heirs, Hazel E. Saupe, his widow, and Robert A. and Willard F. Saupe, sons.

The original notice of the expiration of the period of redemption involved in the tax title proceedings taken by Bowman County in January of 1932 has become lost and cannot be located. The county auditor has made a search for it. However, a published notice of the expiration of the period of redemption is before us. It is dated January 23, 1932 and was published for three consecutive weeks in the Bowman County Pioneer commencing on the 28th day of January and ending February 11, 1932. Insofar as here pertinent it states:

> "The following is a list of the real estate sold at tax sale (referring to the December 11, 1928, sale) on which the period of redemption has expired.

> "Opposite each description of real estate appears the name of the record title owner, thereof, as it appears by the records in the Office of the Register of Deeds of such County, and also opposite each tract appears the amount which will be required to redeem from the effects of such tax sale at the expiration of the period of redemption, including subsequent delinquent taxes prior to those of the year 1931, and penalties and interest thereon * * *."

In the notice listing the various lands under Township 129, North of Range 105, appears the following:

> "Edward P. Saupe, Lots 1, 2, 3 & 4 of Section 6 .............. $117.54"

This published notice is in the form required by Section 1(5) of Chapter 266 of the 1927 Session Laws, the applicable statute. The information to be included in the published notice is substantially the same as is required to be contained in the notice to be

served upon the owner by registered mail. See Section 1(3), Chapter 266 of the 1927 Session Laws.

■ While it was held in Coulter v. Ramberg, 79 N.D. 208, 55 N.W.2d 516, that a presumption exists "that official duty has been performed regularly", Section 31–1103(15) NDRC 1943, that presumption cannot prevail in these cases as to the issuance of the actual original notice of expiration of the period of redemption served upon the record owner, Edward B. Saupe. The presumption is rebuttable and in these cases has been overcome by competent secondary evidence of the contents thereof. That evidence shows that the actual original notice of expiration of the period of redemption was substantially in the same form as the published notice; that there was a defect in the description therein contained by inclusion of Lot 4, Section 6–129–105 which was not owned by Edward B. Saupe, and an omission of Lot 6 which was owned by Edward B. Saupe. The evidence further shows that the actual original notice served included taxes for the years 1927 to 1930, inclusive.

No notice of expiration of the period of redemption has ever been issued as to Lot 6 of Section 6, Township 129, North of Range 105 West of the 5th P.M. By error the description of Lot 4 was used in both the original and the published notice of expiration of the period of redemption.

At the time of the issuance and service of the notice of expiration of period of redemption, neither the 1929 nor the 1930 taxes had been delinquent for three years. They were included in the amount necessary to redeem. On June 13, 1932, Bowman County issued auditor's tax deed covering Lots 1, 2, 3 and 6 of Section 6 and other land, Township 129, North of Range 105 West of the 5th P.M. On November 26, 1952, by County Deed, Bowman County conveyed Lot 6 of Section 6, Township 129, North of Range 105 to the defendant, Leonard Lowe. It sold and conveyed Lots 1, 2 and 3, same township and range, by contract for deed, December 5, 1952, to Ivan McGee.

■ The notice of expiration of the period of redemption is void. The owners' right of redemption has never been cut off, and the tax deed to Bowman County is a nullity. As has already been indicated, the notice with reference to the land sold to the defendant Lowe is defective in two respects. It does not cover Lot 6 of Section 6–129–105. It is also defective as to all of the land described therein by the inclusion of taxes that had not been delinquent for three years.

On January 24, 1953, the plaintiffs, Hazel, Willard and Robert Saupe, entered into an agreement with J. S. Martin, for whose use and benefit they brought these actions, whereby they did agree to sell an oil and gas lease and a 15/16ths of the minerals under the land involved for a consideration of $339.66 to be paid on the completion of a good and marketable title. Mr. Martin agreed to go into court to "have the same (referring to the land) restored back in the name of Edward B. Saupe, his heirs or assigns", and that he also would pay all expenses and have the title vested in the first parties. The expenses were to be considered as a further consideration for the oil and gas lease and the 15/16ths mineral interest. He also agreed to employ counsel to clear the title.

■ Pursuant to the agreement and on the date thereof, the plaintiffs executed an oil and gas lease and also a mineral deed covering the land involved in both actions. The mineral deed was delivered to J. S. Martin and recorded in Bowman County, North Dakota, April 6, 1953.

Mr. Hyland, one of the attorneys appearing for the plaintiffs, just after the commencement of the trial, stated:

"At this time as we understand, the Court has received a telegram from the Saupe plaintiffs in this action that we do not represent them personally in this action. The evidence shows that we

are placing this action in the different Saupe heirs for the use and benefit of J. S. Martin; that we are only interested in the minerals on the place and our interest consists of a mineral deed and lease of the land and we do not represent the Saupes with reference to any surface rights on account of this telegram. But I should like to have the telegram filed for our protection."

Then Mr. Kellogg, one of the attorneys representing the defendant, said:

"I understand that all you claim is 15/16ths of the minerals in the land?

"Mr. Hyland: Yes. We have to prove the title to it of course.

"Mr. Kellogg: But you are limiting your prayer for relief to the 15/16ths of the minerals?

"Mr. Hyland: And the lease also.

"Mr. Kellogg: * * * You are limiting yourselves to the 15/16ths of the lease?

"Mr. Hyland: That is right.

"Mr. Kellogg: And the Court is not going to be asked to grant any judgment on the surface title to the land and the other 1/16th interest in the minerals?

"By the Court: You want that telegram as part of the record?

"Mr. Hyland: Yes."

It is, of course, perfectly obvious that J. S. Martin's rights are dependent upon the rights of the Saupes.

The controlling facts in the instant cases are identical to or so similar to the facts involved in the cases of McGee v. Stokes' Heirs at Law, N.D., 76 N.W.2d 145, and Accola v. Miller, N.D., 76 N.W.2d 517, as to be controlled by the legal principles therein set forth, and upon their authority, the judgments in both cases must be reversed.

Although the tax title is void, in view of the stipulation and statements made, the judgments quieting the title will be limited to the lease interest of J. S. Martin and his 15/16ths interest of the minerals in and under the land involved in these actions.

The judgments are reversed.

BURKE, C. J., and SATHRE, MORRIS, and GRIMSON, JJ., concur.