**Agnes L. MEYER, Plaintiff and Respondent,**

v.

**Donald K. ROBB and Dealers Manufacturing Company, a foreign corporation, Defendants and Appellants.**

No. 8099.

Supreme Court of North Dakota.

Dec. 18, 1963.

Shaft, Benson, Shaft & McConn, Grand Forks, for appellants.

George Longmire, Grand Forks, for respondent.

TEIGEN, Judge.

This is an appeal from an order setting aside a verdict and granting a new trial in an action by Agnes L. Meyer to recover damages for personal injuries alleged to have been caused by the negligence of the defendant Robb. The plaintiff, Agnes L. Meyer, was a passenger in the automobile driven by her husband, Fred L. Meyer, when

it was struck by a truck driven by the defendant Donald K. Robb. The truck was owned by the defendant Dealers Manufacturing Company, the defendant Robb's employer. The defendants denied negligence and allege that the collision was caused solely by the negligence of plaintiff's husband, Fred L. Meyer. The plaintiff elected not to sue her husband. The defendants, as third party plaintiffs impleaded Fred L. Meyer as a third party defendant for contribution as a joint tort feasor if the plaintiff should recover from the defendants. However, during the trial, on motion of the defendants, third party plaintiffs, the third party action was dismissed without prejudice.

In a separate action the plaintiff's husband, Fred L. Meyer, sued these defendants in tort for his personal injuries and damages to his automobile. In that suit the defendants denied negligence, pleaded the affirmative defense of contributory negligence, and counterclaimed for damages to the truck. The two cases were consolidated for trial. The jury returned a single verdict for a dismissal of both actions. No verdict was returned on defendants' counterclaim against plaintiff's husband, Fred L. Meyer.

The plaintiffs Agnes L. Meyer and her husband, Fred L. Meyer, in their respective actions, separately moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motions were heard together and the court issued one memorandum opinion covering both cases in which it directed that the motions of Fred L. Meyer be denied and that the motion of Agnes L. Meyer for judgment notwithstanding the verdict be denied, but granted her motion for a new trial. This appeal is taken by the defendants from the order granting Agnes L. Meyer a new trial. The plaintiff's husband, Fred L. Meyer, has not appealed.

▆ In its memorandum opinion, the trial court found that there was no proof of negligence on the part of the plaintiff, Agnes L. Meyer, that the evidence eliminates any theory of negligence being imputed to her and also that the evidence eliminates any theory that the collision was an accident. The court said that it determines the motions on the theory that there was negligence on the part of one or both of the drivers. Therefore, if the driver of the defendant's truck was the only person negligent, the jury should have returned a verdict in favor of both of the plaintiffs in their separate actions and dismissed defendants' counterclaim against Fred L. Meyer. If the driver Fred L. Meyer, with whom the plaintiff was riding, was the only person negligent, then the jury should have returned a verdict in favor of the defendants on their counterclaim against Fred L. Meyer and dismissed both of the plaintiffs' actions. The court continues its reasoning and states that if both drivers were negligent, then the jury should have returned a verdict for a dismissal of the Fred L. Meyer action and the defendants' counterclaim against him. It should also have returned a verdict in favor of the plaintiff, Agnes L. Meyer, against the defendants. The trial court was of the opinion that the verdict returned was on the theory that both drivers were negligent and, because the negligence of plaintiff's husband is not imputable to the plaintiff, the plaintiff should have recovered. The trial court in its memorandum opinion said: "It is the opinion of this Court, that the verdict rendered by the jury in these Cases, was rendered on the theory that both drivers were negligent. * * *" It appears the court followed the theory that if both drivers were negligent and the negligence of both contributed to the accident, the defendants are not relieved of liability to this plaintiff; that it is not necessary that the act be the sole cause of the injury and, where the injury is the result of separate and distinct acts of negligence by different persons operating and occurring simultaneously and concurrently, each act may be regarded as a proximate cause and recovery may be predicated upon either or both acts. This theory has support. Leon-

ard v. North Dakota Co-operative Wool Market. Ass'n., 72 N.D. 310, 6 N.W.2d 576; and Quam v. Wengert, N.D., 86 N.W.2d 741.

The plaintiff's motion for a new trial was made upon affidavit in which she alleges as grounds the insufficiency of the evidence to justify the verdict and certain specified errors in law. The court granted a new trial on the ground of insufficiency of the evidence to justify the verdict. The court did not rule upon the alleged errors in law.

A new trial on the application of the party aggrieved may be granted on the ground of the insufficiency of the evidence to justify the verdict or that it is against law. Rule 59(b), subd. 6, N.D.R.Civ.P.

The evidence discloses that on the early afternoon of October 26, 1961, the plaintiff, Agnes L. Meyer, was a passenger in the automobile driven by her husband, Fred L. Meyer. They were proceeding in a southerly direction on Cottonwood Street in the City of Grand Forks. At the intersection of Cottonwood Street and 15th Avenue South, a collision occurred with defendant Dealers Manufacturing Company's truck. The plaintiff was injured in this collision. The intersection was unobstructed and without traffic controls, except for a "Slow" sign on either side of Cottonwood Street and a "School Crossing" sign on either side of 15th Avenue South. The truck was driven by the defendant Robb while in the course of his employment for Dealers Manufacturing Company. Robb was proceeding in an easterly direction on 15th Avenue South. According to the defendant Robb, he was driving about 20 miles per hour before coming to the intersection. He testified that normally before entering an intersection, he reduces his speed to "no faster" than 15 miles per hour. On this date, he testified, he drove at "approximately the same speed." Fred L. Meyer testified he slowed his vehicle to 20 miles per hour before entering the intersection. The width of each street at the intersection is 30 feet. Visibility was

good, the driving surface was paved and dry, the vision at the corner common to the two vehicles was not obstructed and each of the drivers testified he saw the other vehicle before it had entered the intersection. Mr. Meyer testified that after he entered the intersection, he saw the truck approaching on 15th Avenue South about 30 feet from the intersection. The defendant Robb testified that when he was about 20 feet from the intersection, he looked to the left and saw the Meyer automobile approaching the intersection approximately 15 or 20 feet therefrom. Their testimony is conflicting. Both vehicles proceeded into the intersection and a collision occurred.

Defendant Robb testified that when he saw the Meyer vehicle, it was traveling at a fairly slow rate of speed but about twice the speed that he was traveling. Meyer testified he thought the truck was coming pretty fast and that he swerved a little to the left when he saw there would be a collision. He also probably accelerated. The defendant Robb testified that after he saw the Meyer vehicle, he looked to the right and saw a third vehicle which appeared to be entering the intersection from the south. However, this vehicle had stopped before entering the intersection. He testified he watched the third vehicle not knowing whether it was going to continue again after it stopped; that he had no idea that the Meyer vehicle approaching from the left would ever attempt to go through the intersection; that he continued his forward progress and when he looked back to the left, the Meyer vehicle was immediately in front of him. He applied his brakes but was unable to stop in time. An investigating officer testified he found skid marks on the pavement. His testimony infers they were made by the truck.

The collision occurred in the south half of the intersection and, according to the investigating officers, the point of impact occurred about six feet north of the south line of 15th Avenue. The defendant's vehicle struck the right rear corner of the Meyer

automobile with its right front corner. The impact caused the Meyer vehicle to sideswipe the third vehicle which was stopped on the south side of the intersection. The Meyer vehicle then veered diagonally across the street, went on to the berm and struck a tree. The plaintiff was thrown from the vehicle and into the street. She was injured and unconscious.

The driver of the third vehicle was a Mr. Hegg. He testified he had stopped at the intersection, saw the accident occur, and thought the Meyer vehicle entered the intersection first. The point of impact, he testified, was "pretty close to the south side" of the intersection. He also testified the truck was traveling "kind of fast" and that the car was not. Police officers investigated the accident while the vehicles and the principals were still there. A diagram of the intersection showing distances, locations and various data disclosed by their investigation was drawn on a blackboard as they testified. This was in view of the jury and the court. Various parts of their testimony were related to the drawing without detailed explanation in the record. The drawing was not placed in evidence as an exhibit and is not before us.

The defendants argue that to affirm the trial court's order granting a new trial on the grounds stated by the trial court in its memorandum opinion, this court must find the defendant driver negligent as a matter of law because questions of negligence are questions of fact for the jury, unless the evidence is such that only one conclusion can be deduced therefrom. The defendants cite in support of their argument McCullagh v. Fortune, 76 N.D. 669, 38 N.W.2d 771; and Rettler v. Ebreck, N.D., 71 N.W.2d 759. These cases are not applicable here. The McCullagh case was an appeal from a judgment. In the Rettler case the principle was applied when the trial court had denied a motion for judgment notwithstanding the verdict and the evidence allowed a reasonable inference of negligence and absence of contributory negligence.

■ The principle does not apply to motions for new trial made on the ground of insufficiency of the evidence. In consideration of such motions, trial courts are not confined to a consideration of whether the verdict and judgment are supported by substantial evidence.

"* * * When motions of this nature are presented to a court, they are classified as motions addressed to the discretion of the court. In considering the evidence adduced or that newly discovered, no fixed rules of law exist which could be decisive of the result of the investigation * * *. Nor, in such cases will the court necessarily be governed by the fact that the verdict returned has the support of an apparent preponderance of the evidence. * * * The rule that governs a court of review in this class of motions—i. e., those which appeal to judicial discretion—does not apply to trial courts, and hence the trial court is not debarred from granting or refusing a new trial by the mere fact that the verdict rests upon substantial or conflicting evidence. * * *" Pengilly v. J. I. Case Threshing Machine Co., 11 N.D. 249–255, 91 N.W. 63–66. See also Accola v. Miller, N.D., 76 N.W.2d 517.

The only question of fact bearing upon the issue of the defendant's liability in this case is whether or not Donald K. Robb was negligent in the operation of the truck. The trial court felt he was negligent and concluded that the jury had so found but, because the jury was confused on the merits and the law, returned an erroneous verdict.

■ A motion for a new trial on the ground of insufficiency of the evidence is addressed to the sound discretion of the trial court. The granting of such a motion will not be disturbed on appeal except for a manifest abuse of discretion. Long v. People's Department Store, N.D., 95 N.W. 2d 904. See also the cases collected in Hauff v. Keyes, N.D., 83 N.W.2d 414. To

this list of authorities we would add Dassinger v. Kuhn, N.D., 87 N.W.2d 720; and Mischel v. Vogel, N.D., 96 N.W.2d 233.

We have carefully reviewed the evidence and considered the effect of the consolidation of the two cases for the purposes of trial and it appears that the trial court did not act unreasonably or arbitrarily in granting this plaintiff a new trial. The order granting a new trial was the result of the exercise of a sound judicial discretion on the part of the trial court. It is therefore affirmed.

MORRIS, C. J., and STRUTZ, ERICKSTAD and BURKE, JJ., concur.