John E. BRUNSDALE and Karl T. Brunsdale, Plaintiffs and Appellants,

v.

John C. BAGGE et al., Defendants and Appellees.

Civ. No. 9046.

Supreme Court of North Dakota.

Dec. 18, 1974.

Vogel, Vogel, Brantner & Kelly, by C. Nicholas Vogel, Fargo, for plaintiffs and appellants.

Dewel E. Viker, Jr., Hillsboro, for defendants and appellees Bagge and Spokely.

Harold Dronen, Hillsboro, for defendant and appellee Sorlie.

JANSONIUS, Commissioner.

The complaint of the plaintiffs demands delivery of a warranty deed held in escrow by the defendant George E. Sorlie; or, in the alternative, demands that the defendants John C. Bagge and LaVaughn C. Bagge specifically perform an agreement to sell and convey certain real estate to them; and, further, that the Court declare that the defendant Francis V. Spokely has no right, title, or interest in the property.

The defendants Bagge and Spokely by their answer pray that the action be dismissed; that the defendant Sorlie be required to return the deed to them; and that they be allowed to complete a real estate transfer between themselves.

This matter initially came before the trial court on a motion of the plaintiffs for summary judgment based upon the pleadings, answer, interrogatories, and depositions of the parties.

During the hearing on the motion of the plaintiffs for summary judgment the Court and counsel became involved in a discussion which resulted in the defendants, the Bagges and Spokely, seeking and receiving permission also to move for summary judgment. All parties at that time and ever since have been in full agreement that the case be submitted on the record then existing plus such other matters as the moving parties might wish to introduce.

The trial judge at the conclusion of the testimony stated that he would rather:

" * * * dispose of what I feel is the main issue here as to whether or not there is a legal transfer of this property. That is what I will have to dispose of first."

It should be mentioned in connection with the proceeding that the time had expired within which a demand for jury could be made, the matter was at issue, and the facts fully developed.

Both sides have presented the question for review in identical language, as follows:

"The single issue presented for review is whether the finding and conclusion of the trial court that the defendant Francis V. Spokely did not waive and is not estopped from asserting his rights to receive written notice of the sale of the property to the plaintiffs and to exercise his option to purchase the property for the offered amount are clearly erroneous."

The memorandum opinion of the trial court reads, in part, as follows:

"The facts of the case are undisputed in most respects. I find plaintiff's brief in support of motion for summary judgment, pages 1 through 7 to fully cover the necessary facts to be considered in deciding the case, along with the entire record as filed herein. A reading of those facts presents the issues in the case.

"In short, Mr. Bagge decided he would like to sell his land. He contacted the tenant, Mr. Spokely, to see if he was interested in purchasing the land. He was not interested at that time. Mr. Sorlie entered the picture as a broker to find a buyer for the land. Later on an offer was made by the Brunsdales to purchase the land for $160,000. A deed was executed by the Bagges and sent to Mr. Sorlie along with a copy of the five year lease agreement between Bagge and Spokely, which would end on December 31, 1973. This was the first knowledge Mr. Sorlie had of the paragraph in the agreement which provides that lessee has an option to purchase during the term of the written lease. Said paragraph reads as follows:

'The parties hereto do further mutually agree that during the term of this lease the lessee has the privilege *in the event the lessors desire to sell said land,* to match any bona fide offer which the lessors may receive during said lease term. Provided, however, that in the event the lessors have an opportunity to sell said land for a price of $350.00 (or more) per acre, then and in that event the lessee herein has the right and privilege of buying the land at a price of $350.00 per acre. *In the event of a bona fide offer,* to the lessors for the purchase of said land, the lessors agree to give the lessee thirty (30) days written notice of such bona fide offer and the lessee has the right within said thirty (30) day period to match said bona fide offer.'

"No written notice was sent to Mr. Spokely until Mr. Sorlie wrote a letter dated August 22, 1973, which was addressed to Mr. Francis Spokely, and contained the following:

'Apparently John and I took you at your word that you were not interested in exercising your option in purchasing the real estate in Traill County. We both understood that you had waived the thirty days written notice.

'John has still not decided if he is going to sell the land this year or next year, however if you are interested in buying it for $160,000.00 I would appreciate your letting me know so John can decide whether he wants to sell it now or after the first of the year.'

"This letter, Exhibit 10 of Mr. Sorlie's deposition, gives the lessee written notice of the bona fide offer of $160,000.00 which had been made to the lessors. The lessee would have 30 days to match said bona fide offer, from receipt of this letter.

"Exhibit 12 of Mr. Sorlie's deposition, a letter to Mr. Sorlie from Mr. Viker, acting as attorney for Francis Spokely, dated September 13, 1973, states that his client elects to purchase this land under the terms of the option.

" * * * Francis Spokely brought an action against John and Tom Brunsdale, dated August 29, 1973, in connection with exercising his option to purchase the land. On August 30, 1973, the Brunsdales brought the action asking the court to determine that they were the parties entitled to the land in question. These pro-

ceedings would hold in abeyance the 30 day period of time within which Mr. Spokely would be required to match the $160,000 offer as purchase price for the property."

The Court determined that there was no genuine issue of material fact remaining to be heard in the dispute, concluding as follows:

"Since the court finds a waiver would not have been made by Mr. Spokely, the lessee, until the conditions would exist to permit him the right to exercise his option to purchase, and that he now has the right to exercise such right, it will not be necessary to go into the questions of escrow and contract as to sale of the land to plaintiffs at this time. Should Mr. Spokely not exercise his right to purchase within the time set forth in the option agreement, then the court would be required to act in connection with the other points of law set forth in the motion of plaintiff for summary judgment."

Actually, this case was submitted under Rules 12(c) and 43(a) of the North Dakota Rules of Civil Procedure. A portion of Rule 12(c) reads as follows:

"If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

In this case, the parties have tacitly accepted the fact that all the matters presented to the Court constitute a full and complete record, and to try the matter anew would result in exactly the same record before the Court. N.D.R.Civ.P. 43(a).

■ Rule 52(a) requires findings of fact and conclusions of law "In all actions tried upon the facts without a jury . . ." However, the rule also omits the requirement of findings and conclusions where "an opinion or memorandum of decision" is

filed. The complete record being before the trial court, the case is distinguishable from Weidner v. Engelhart, 176 N.W.2d 509 (N.D.1970).

The trial court, in its decision, states:

"The option agreement set forth in this case now before the court is definite and sets forth certain conditions to be met with respect to lessee's right to match a bona fide offer of a third party to purchase the land. It was the duty of the lessor to give the lessee written notice of such bona fide offer, and the lessee would thereafter have 30 days to match the offer as presented in the notice. The offer was for $160,000, as set forth in the testimony of Mr. Sorlie in the deposition and his letter to Mr. Spokely dated August 22, 1973.

"The defendant Spokely's option right to purchase the land was conditioned and would not exist until defendant Bagge had received a third party offer to buy the land, and defendant Bagge was willing to accept that offer along with his desire to sell the land. At that point, within the terms of the lease-option agreement, it was the duty of Mr. Bagge to give written notice to Mr. Spokely of the offer and the amount of same. The court finds this was not done until Mr. Sorlie wrote the letter to Mr. Spokely on August 22nd."

The Brunsdales contended Spokely waived his right of first refusal. The trial court found to the contrary, quoting from and relying on the following:

" 'To constitute a "waiver" it is essential that there be an existing right, knowledge of its existence, and an intention to relinquish it, and the burden of proof is on the party claiming the waiver to prove that one charged to have waived the right knew of the facts that entitled him to the right.' " Garvy v. Blatchford Calf Meal Co., C.C.A.Ill., 119 F.2d 973, 975.

■ In Gipson v. First National Bank of Bismarck, 97 N.W.2d 671, 675 (N.D.1959), the Court said:

"The question before us at this point, therefore, is whether the evidence is sufficient to sustain a finding of the jury that the defendant either waived or was estopped from asserting the defense under consideration. This court has repeatedly defined waiver as the 'voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed.' Meyer v. National Fire Insurance Co., 67 N.D. 77, 269 N.W. 845, 850; Sjoberg v. State Automobile Insurance Association, 78 N.D. 179, 48 N.W.2d 452; Kessler v. Thompson, N.D., 75 N.W.2d 172. In Jacobson v. Mutual Benefit Health & Accident Association, 70 N.D. 566, 296 N.W. 545, 548, we said:

'To constitute a waiver there must be an intention to relinquish a known right, an intentional forbearance to enforce a right.'

"In Werner v. Werner, 74 N.D. 565, 23 N.W.2d 757, we held:

'An essential element of equitable estoppel is a representation which may consist of words, acts or silence, believed and relied upon by the party claiming the benefit of the estoppel which induced him to act or refrain from acting, to his prejudice.'

"This statement has been quoted or cited with approval in the following cases: Sailer v. Mercer County, 75 N.D. 123, 26 N.W.2d 137; Star v. Norsteby, 75 N.D. 563, 30 N.W.2d 718; Commercial Credit Corporation v. Dassenko, 77 N.D. 412, 43 N.W.2d 299; Minneapolis, St. Paul & Sault Ste. Marie R. Co. v. Duvall, N.D., 67 N.W.2d 593." Gipson v. First National Bank of Bismarck, 97 N.W.2d 671, 675 (N.D.1959).

In the case of Werner v. Werner, cited in *Gipson* above, the Court stresses the fact that reliance on the matters constituting equitable estoppel must be "by the party claiming the benefit of the estoppel which induced him to act or refrain from acting, to his prejudice."

In this case the parties claiming the estoppel were strangers to the original transaction. The lease involved was between John C. Bagge, a defendant, and Francis V. Spokely, a defendant.

■ This principle is set out in 28 Am. Jur.2d as follows:

"It is the general rule that in order to be effective an equitable estoppel must be mutual and reciprocal. Unless both parties to a transaction are bound by an estoppel, neither is bound. Mutuality being requisite, an estoppel operates neither in favor of, nor against, strangers—that is, persons who are neither parties nor privies to the transaction out of which the estoppel arose. Thus, a grantor is not estopped by his deed as against one who is neither a party thereto nor in privity with a party. . . ." 28 Am.Jur.2d Estoppel and Waiver § 115, at 774 (1966).

■ Although the case arrives here as a result of motions for summary judgment since the case was actually submitted on its merits as though it were completely tried, we apply Rule 52 of the North Dakota Rules of Civil Procedure.

■ The determination of the trial court as set forth in the memorandum opinion is not clearly erroneous and therefore should not be set aside. [Rule 52(a), N.D.R.Civ.P.] The judgment is therefore affirmed.

ERICKSTAD, C. J., and PAULSON, JOHNSON and VOGEL, JJ., concur.

The Honorable HARVEY B. KNUDSON deeming himself disqualified did not participate; the Honorable CLIFFORD JANSONIUS, Court Commissioner sitting in his place.